# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL SANCHEZ ZAVALA, | CASE NO. 1:09-cv-00679-SMS PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | (ECF No. 22) |
| HECTOR RIOS, et al., | SIXTY-DAY DEADLINE |
| Defendants. | |

I.    **Screening Requirement**

Plaintiff Raul Sanchez Zavala ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), which provides a remedy for violation of civil rights by federal actors.  Currently pending before the Court is the third amended complaint, filed September 27, 2011.  (ECF No. 22.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

To prove a civil rights violation, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.   Complaint Allegations

Plaintiff is in the custody of the Bureau of Prisons and is incarcerated at the Federal Penitentiary in Atwater, California where the incidents alleged in the complaint took place. Plaintiff brings this action against twenty six defendants alleging multiple unrelated incidents seeking monetary damages.[1]

In early December 2006, Plaintiff received two priority mail envelopes from his attorney that were opened. (Third Am. Compl. ¶ 55, ECF No. 22.) The letter from his attorney indicated that his mail had been returned because the original package was too heavy. Plaintiff did not receive notification that his mail had been rejected. (Id., ¶ 58-59.) Plaintiff filed a "cop-out" form regarding the rejection of his mail and received a response from Defendant Gonzaga that he was not entitled to notice that his mail was rejected. (Id., ¶ 65.) A second cop-out was sent on April 6, 2007, and

---

[1]On August 29, 2011, an order issued dismissing Plaintiff's First and Sixth Amendment claims based upon his direct appeal, official capacity claims, and Defendant Bureau of Prisons with prejudice. Plaintiff's allegations in the third amended complaint regarding these claims and defendant will be disregarded.

1    Plaintiff was informed that no mail rejections were found.  (Id., ¶ 66.)

2         On October 10, 2007, Plaintiff gave Defendant Gonzaga an authorization form to receive a

3    package so he could receive documents relating to his conviction from his trial attorney.  Defendant

4    Gonzaga told Plaintiff the form was not necessary and refused to give the form back to Plaintiff.

5    Plaintiff filed a cop-out form and received a response back from Defendants Gonzaga and Smith

6    stating that Plaintiff's legal mail package did not need to be pre-approved and no authorization form

7    was needed.  (Id., ¶¶ 74, 76.)

8         Plaintiff sent a letter to his trial attorney requesting his pre-trial and trial case file.  (Id., ¶ 75.)

9    When he did not receive the file, he filed a motion to compel release of the documents with the

10   Eastern District of Washington.  (Id., ¶ 77.)  Plaintiff requested a legal phone call with Defendants

11   Spencer and Reyes and did not receive a response.  (Id., ¶ 78.)  In response to his motion to compel,

12   Plaintiff discovered that the attorney had sent the documents on February 19, 2008, but they were

13   returned marked "Receiver Did Not Want" and "Package Authorization Not on File."  Plaintiff's

14   attorney left several messages with Plaintiff's counselor without receiving a response.  (Id., ¶ 80.)

15   Plaintiff filed a BP 8 form that was denied by Defendants VanHorn and Doe B; a BP 9 form that was

16   denied by Defendants Smith and Bell; and a BP 10 form that was denied by Defendant McFadden.

17   (Id., ¶¶ 81-83.)  Plaintiff directed cop-outs to Defendants Gonzalez and VanHorn which were

18   ignored.  Plaintiff sent a cop-out to Defendant Liwag complaining about mail rejections and was told

19   that there were no rejection forms on file.  Plaintiff's motion for reconsideration with the Eastern

20   District of Washington was denied  around November 26, 2008.  Plaintiff filed a BP 11 form with

21   Defendant Watts that was denied.  (Id., ¶ 84.)  Plaintiff learned that mailroom staff were Defendants

22   Lopez, Martinez, and Bucio.  (Id., ¶ 85.)

23        Counts One, Two, and Three have previously been dismissed with prejudice and Plaintiff's

24   allegations will not be reproduced in this order.

25        Count Four and Five

26        In December 2006, Defendants Doe C and Doe D opened priority legal mail envelopes from

27   Plaintiff's appellate counsel outside of Plaintiff's presence in violation of the First and Fifth

28   Amendments.  (Id., ¶¶ 96, 99.)  Plaintiff does not know if Defendants Doe C or Doe D read or copied

3

1  the contents of the envelope.  (Id. ¶¶ 97, 100.)

2      Count Six

3      In December 2006, Defendant D delivered an opened letter to Plaintiff from his attorney.

4  This letter informed Plaintiff that his legal mail had been returned because the box was too heavy

5  for prison standards.  (Id., ¶ 102, 103.)  By opening this letter, Defendant D learned that Defendant

6  E had rejected Plaintiff's mail and failed to give Plaintiff notice of the mail rejection.  (Id., ¶

7  103,104.)

8      Count Seven

9      Defendants Reyes and Doe A failed to take corrective action after they denied Plaintiff's BP

10 8.  Defendants were on notice that Plaintiff's legal mail had been rejected and no notice of the

11 rejection was provided to Plaintiff.  Prior to filing a BP 8, Plaintiff requested mail procedures and

12 discussed his legal mail problem with Defendants Spencer and Reyes.  (Id., ¶ 106.)  Defendant Reyes

13 violated Plaintiff's Fifth Amendment right to Due Process by failing to investigate to determine what

14 happened to Plaintiff's legal mail.  (Id., ¶ 107.)

15     Count Eight

16     Defendant Smith was aware that Defendant Gonzaga refused to process plaintiff's

17 authorization for a package and failed to investigate Plaintiff's legal mail rejection in violation of

18 Plaintiff's due process rights.  (Id., ¶¶ 108, 109.)

19     Counts Nine and Ten,

20     Defendants McFadden and Watts violated Plaintiff's due process rights by failing to

21 investigate and determine what actually happened to Plaintiff's legal mail.  (Id., ¶¶ 113, 116.)

22     Count Eleven

23     Defendant Gonzaga violated Plaintiff's rights under the First and Fifth Amendments by

24 telling Plaintiff that he did not need a package authorization form.  (Id., ¶ 118.)  Plaintiff's package

25 was returned because it was not authorized causing Plaintiff to be unable to set forth his 2255 claim

26 because he did not have access to his defense file.  (Id., ¶ 121.)

27     Count Twelve

28     On July 22, 2008, Defendant Larson delivered the order from the Eastern District of

4

Washington containing his defense attorney's response to the motion to compel.  (Id., ¶ 122.)
Defendant F had rejected Plaintiff's legal mail containing his pretrial and trial files and failed to give
Plaintiff a notice of rejection.  Defendant G failed to inform Plaintiff that his trial attorney had
attempted to contact him regarding the return of his case files or give Plaintiff any messages from
Plaintiff's attorney in violation of the First and Fifth Amendments.  (Id., ¶ 123.)  Plaintiff was unable
to appeal the mail rejection and lack of notice of the rejection.  Plaintiff was unable to adequately
prepare his 2255 motion which was denied because he did not have access to his pretrial and trial
files.  (Id., ¶ 124.)

### Count Thirteen, Fourteen, Fifteen and Sixteen

Defendants VanHorn and Doe B failed to take investigate and take corrective action in
response to Plaintiff's BP 8.  (Id., ¶ 125.)  Defendants Smith and Bell failed to investigate and take
corrective action in response to Plaintiff's BP 9.  (Id., ¶ 129.)  Defendant McFadden failed to take
corrective action in response to Plaintiff's BP 10.  (Id., ¶ 131.)  Defendant Watts failed to take
corrective action in response to Plaintiff's BP 11.  (Id., ¶ 134.)  Defendants actions violated
Plaintiff's right to due process.

### Count Seventeen

Count Seventeen alleges a cause of action based upon Plaintiff's direct appeal which has been
dismissed with prejudice.

### Count Eighteen

Plaintiff alleges infliction of emotional distress by Defendants for the actions alleged in the
complaint.  (Id., ¶ 148.)  As a result of Defendants actions Plaintiff has suffered from worry, anxiety,
loss of sleep, loss of appetite, concern, depression, nervousness, and mental and physical pain and
suffering and aggravation.  (Id., ¶ 149.)

Plaintiff seeks declaratory relief, and compensatory and punitive damages.  (Id., pp. 34-38.)
Plaintiff's third amended complaint fails to state a cognizable claim.  On November 23, 2011, an
order issued appointing counsel in this action.  Due to the appointment of counsel, Plaintiff shall be
granted an opportunity to file a fourth amended complaint.

///

1   **III.   Discussion**

2       **A.       First Amendment**

3               **1.       Access to Court**

4       Inmates have a fundamental constitutional right of access to the courts. <u>Lewis v. Casey</u>, 518

5   U.S. 343, 346 (1996); <u>Hebbe v. Pliler</u>, 611 F.3d 1202, 1206 (9th Cir. 2010).  The right is merely the

6   right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal

7   appeals, habeas petitions, and civil rights actions.  <u>Lewis</u>, 518 U.S. at 354.  To state a claim for

8   denial of access to court, "the complaint should state the underlying claim in accordance with

9   Federal Rule of Civil Procedure 8(a) just as if it were being independently pursued, and a like plain

10  statement should describe any remedy available under the access claim and presently unique to it."

11  <u>Christopher v. Harbury</u>, 536 U.S. 403, 418 (2002).  Plaintiff's allegations fail to link any defendant

12  to the deprivation of his legal mail and he has failed to state a cognizable claim.

13              **2.       Mail**

14      Plaintiff's allegations that his legal mail was opened and that his packages were denied fails

15  to state a claim under the First Amendment.   While prisoner's have a right under the First

16  Amendment to send and receive mail, <u>Witherow v. Paff</u>, 52 F.3d 264, 265 (9th Cir. 1995) (per

17  curiam), prison officials may examine a prisoner's mail without infringing upon his constitutional

18  rights, <u>United States v. Wilson</u>, 447 F.2d 1, 8 n.4 (9th Cir. 1971).  While the First Amendment

19  protects against censorship of incoming mail when not necessary to protect legitimate governmental

20  interests, <u>Wolff v. McDonnell</u>, 418 U.S. 539, 575 (1974), Plaintiff's allegations do not suggest

21  censorship of his mail.  Freedom from censorship does not equate to freedom from inspection of

22  incoming mail.  <u>Wolff</u>, 418 U.S at 576.

23      Plaintiff alleges that his priority legal mail envelopes were opened outside his presence,

24  however he fails to allege facts to indicate that the envelopes were marked in a manner that would

25  identify them as legal mail.  Since Plaintiff has failed to allege facts sufficient to establish that the

26  letters were marked in a manner to identify them as legal mail, he fails to state a cognizable claim.

27  <u>See</u> <u>Stevenson v. Koskey</u>, 877 F.2d 1435, 1441 (9th Cir. 1989) (stating that an inadvertent opening

28  of an inmate's legal mail constitutes mere negligence and does not rise to the level of a constitutional

rights violation cognizable under section 1983).

Nor does Plaintiff's allegation that Defendant Gonzaga refused to process his authorization for a package state a claim. Plaintiff was told by both Defendants Gonzaga and Smith that no authorization was needed and was informed by Defendant Smith that his legal mail just needed to be marked "Authorized by Bureau Policy." (First Amend. Compl., 109.) Plaintiff has failed to set forth sufficient factual allegations to state a plausible claim that the denial of his mail was due to the failure to process a package authorization, rather than his attorney's failure to mark the package correctly.

### 3. Attorney Contact

Plaintiff alleges that his trial attorney's staff attempted to contact him by leaving messages with Defendant Doe G which were never forwarded to Plaintiff. However, Plaintiff fails to state what the messages were that were left or to allege any facts to show that Defendant Doe G ever received any message. The mere allegation that messages were left for Defendant Doe G fails to state a cognizable claim.

### B. Due Process

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Id. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480 (1995). However, a state may "create liberty interests which are protected by the Due Process Clause." Sandin, 515 U.S. at 483-84. A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484).

### 1. Failure to Provide Mail Rejection Notice

There is a liberty interest in communication by mail that is protected by the Due Process Clause. Procunier v. Martinez, 416 U.S. 396, 418 (1974) overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989); Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). While an inmate has a due process liberty interest in receiving notice that his mail is being withheld, Prison

Legal News v. Lehman, 397 F.3d 692, 701 (9th Cir. 2005); Sorrels v. McKee, 290 F.3d 965, 971 (9th Cir. 2002); Frost v. Symington, 197 F.3d 348, 353 (9th Cir. 1999), only where the failure to notify is pursuant to prison policy would a due process claim arise.  Sorrels, 290 F.3d at 972.

While Plaintiff alleges that Defendants failed to provide him with a notice of rejection, his third amended complaint is devoid of any mention of a prison policy.  Plaintiff has failed to set forth factual allegations that the denial of his mail or failure to provide a notice of rejection was pursuant to a prison policy, and he has therefore failed to state a cognizable claim.

Since Plaintiff has not previously been provided with the legal standard for stating a claim, the Court shall grant Plaintiff one final opportunity to file an amended complaint to set forth his claims regarding violations of due process due to the failure to provide Plaintiff with notice of the withholding of his mail.

**2.    Denials of Appeals**

Plaintiff states that he filed cop-outs and BP forms making Defendants aware that his legal mail was being rejected without notice and they failed to take corrective action.  The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983.  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).  Plaintiff may not pursue a claim for denial of access to the courts based on the failure of staff to respond to his appeals or based on the rejection of his appeals by staff.  Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Plaintiff fails to state a cognizable claim for a violation due to the denial of his appeals.

Additionally, although Plaintiff alleges that the defendants that failed to investigate and take corrective action, the alleged violations had already occurred and the defendants that reviewed Plaintiff's appeals did not personally participate in the deprivation of Plaintiff's mail.  Nor does the failure to investigate allege personal participation by any defendant in the deprivation of Plaintiff's rights.  Plaintiff's allegations fail to state a cognizable claim.

**3.    Opening Mail Outside Inmate's Presence**

Plaintiff also alleges that Defendants Doe C and Doe D, each on a single occasion, opened a

8

letter from his attorney.  Since inmates have a liberty interest in communication by mail, regulations regarding the review of incoming mail are evaluated under the standards set forth in Turner v. Safely, 482 U.S. 78 (1987), that they must be reasonably related to a legitimate governmental interest. Thornburgh, 490 U.S. at 404.  However, here Plaintiff has not alleged that his legal mail was opened pursuant to a regulation regarding the review of incoming mail.  While it is unclear from the complaint whether Plaintiff is alleging an intentional or an inadvertent act, Plaintiff's allegation is not that his mail was delayed or interfered with, but that his legal mail was opened by Defendants. Plaintiff's allegation that his mail was opened prior to be delivered to him " to him does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan, 83 F.3d at 1088.

### C.    Rule 18

Further, Plaintiff may not pursue multiple, unrelated claims in this action.  Pursuant to the Federal Rules of Civil Procedure, [a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff will not be permitted to proceed with a "mishmash of a complaint," id., and is cautioned that if the amended complaint fails to comply with Rule 18(a), the Court will choose which claims will proceed and will dismiss out all unrelated claims.

### D.    Declaratory Relief

In addition to money damages, Plaintiff seeks a declaration that his rights were violated.  "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest."  Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948).  "Declaratory relief should be denied when it will neither serve a useful

purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).  In the event that Plaintiff states a cognizable claim, if this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated.  Accordingly, a declaration that Plaintiff's rights were violated is unnecessary, and this action shall proceed as one for money damages only.

## IV.    Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his federal rights.  Plaintiff is granted leave to file an amended complaint within sixty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.      Plaintiff's complaint, filed September 27, 2011, is dismissed for failure to state a

claim upon which relief may be granted under section 1983;

3. Within **sixty (60) days** from the date of service of this order, Plaintiff shall file a fourth amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 28, 2011**          **/s/ Barbara A. McAuliffe**
                                          UNITED STATES MAGISTRATE JUDGE