# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL SANCHEZ ZAVALA, | CASE NO. 1:09-cv-00679-BAM PC |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS, WITH PREJUDICE, AND DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| HECTOR RIOS, et al., | (ECF No. 30) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.    Procedural History**

Plaintiff Raul Sanchez Zavala ("Plaintiff") is a federal prisoner proceeding in forma pauperis in this civil action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999 (1971), which provides a remedy for violation of civil rights by federal actors.  Plaintiff filed this action on April 16, 2009.  On May 11, 2011, an order issued dismissing the complaint, with leave to amend, for failure to state a cognizable claim. (ECF No. 12.) On August 29, 2011, an order issued dismissing Plaintiff's First and Sixth Amendment claims based upon his direct appeal, with prejudice, and ordering Plaintiff to either file a third amended complaint, or notify the court that he was willing to proceed on the claims found to be cognizable in the second amended complaint.  (ECF No. 19.)  On November 23, 2011, the Court appointed counsel for Plaintiff.  (ECF No. 24.)  On November 28, 2011, an order issued dismissing Plaintiff's third amended complaint, with leave to amend to attempt to cure the deficiencies in his due process claim. (ECF No. 25.)  Currently before the Court is the fourth amended complaint, filed April 30, 2012. (ECF No. 30.)

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at , 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a has defendant acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949; Moss, 572 F.3d at 969.

Further, under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955).

## III. Allegations in Fourth Amended Complaint

Plaintiff is a federal prisoner and is incarcerated at the United States Penitentiary at Atwater ("Atwater"), California. Plaintiff brings this action alleging three counts against unknown correctional officers, Defendants Doe A, B, and C. Plaintiff's first cause of action alleges that sometime after September 25, 2006, Defendant Doe A rejected his legal mail without giving notice

of the rejection in violation of the Due Process Clause of the Fifth Amendment.[1]

Plaintiff's second cause of action alleges that sometime after February 19, 2008, Doe Defendant B rejected legal mail from Plaintiff's trial attorney without providing a notice of rejection. Plaintiff alleges that this violated his rights under the First, Fifth, and Sixth Amendments.

Plaintiff's third cause of action alleges that sometime between March 18, 2008, and June 9, 2008, Doe Defendant C failed to return several telephone calls from his trial attorney's office. Plaintiff alleges that as a result of his trial attorneys inability to reach him he was unable to participate in the development of his post-conviction claims in violation of his rights to attorney client communication under the First Fifth, and Sixth Amendments.

## IV. Discussion

### A. First Amendment

Plaintiff alleges that the failure of prison officials to return phone calls from his attorney's office denied him of the ability to participate in his post-conviction claims denying him his right to attorney client communication in violation of the First Amendment. An inmate does retain First Amendment rights that are not inconsistent with his status as a prisoner. Shaw v. Murphy, 532 U.S. 223, 229 (2001). The Supreme Court has long recognized that "(l)awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Price v. Johnston, 334 U.S. 266, 285 (1948); see also Pell v. Procunier, 417 U.S. 817, 822, (1974); Wolff v. McDonnell, 418 U.S. 539, 555 (1974). "The fact of confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment, which are implicit in incarceration." Jones v. North Carolina Prisoners' Labor Union Inc.,, 433 U.S. 119, 125 (1977) (quoting Price, 344 U.S. 266, 285 (1948)).

---

[1] Plaintiff attempts to bring claims under the First and Sixth Amendments. However, on August 26, 2011, Plaintiff's First and Sixth Amendment claims based upon his direct appeal were dismissed, with prejudice, for failure to state a claim. (ECF No. 19.) Accordingly, the Court shall disregard these allegations in the complaint. Additionally, to the extent that Plaintiff attempts to perfect his claims by referring to the Third Amended Complaint, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

1    The constitutional right at issue is "the First Amendment right . . . to communicate with
2 persons outside prison walls," and "[u]se of a telephone provides a *means* of exercising this right."
3 Valdez v. Rosenbaum, 302 F.3d 1039, 1048 (9th Cir. 2002) (emphasis in original). Prisoners also
4 have a right under the First Amendment to send and receive mail. Witherow v. Paff, 52 F.3d 264,
5 265 (9th Cir. 1995) (per curiam). Plaintiff does not allege that he was prevented from contacting his
6 attorney or that his attorney was prevented from contacting him by mailing him a letter informing
7 him of the problem with the documents or coming to see Plaintiff. Plaintiff alleges that prison
8 officials failed to return his attorney's phone call so he could be notified that his documents had been
9 returned.

10   The doctrine of qualified immunity protects government officials from civil liability where
11 "their conduct does not violate clearly established statutory or constitutional rights of which a
12 reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231, 129 S. Ct. 808, 815
13 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982)). The inquiry
14 as to whether the right was clearly established is "solely a question of law for the judge." Dunn v.
15 Castro, 621 F.3d 1196, 1199 (9th Cir. 2010) (quoting Tortu v. Las Vegas Metro. Police Dep't. 556
16 F.3d 1075, 1085 (9th Cir. 2009)). The right the official is alleged to have violated must be defined
17 at the appropriate level of specificity before the court can determine if it was clearly established.
18 Dunn, 621 F.3d at 1200.

19   To the extent that Plaintiff has a right to communicate with his attorney under the First
20 Amendment, it is not clearly established that a prison official failing to return a phone call would
21 violate the First Amendment. Qualified immunity protects "all but the plainly incompetent or those
22 who knowingly violate the law." Ashcroft v. al-Kidd, __ U.S. __, 131 S. Ct. 2074, 2085 (2011)
23 (citations omitted). Accordingly, to the extent that Plaintiff would be able to allege a violation of
24 the First Amendment, Defendant Doe C would be entitled to qualified immunity.

25   Plaintiff's claim is that he was not notified that his documents were returned which interfered
26 with his ability to access the courts. Inmates have a fundamental constitutional right of access to the
27 courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S. Ct. 2174, 2177 (1996); Hebbe v. Pliler, 627 F.3d
28 338, 342 (9th Cir. 2010). The right is merely the right to bring to court a grievance the inmate

4

1    wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions.
2    Lewis, 518 U.S. at 354, 116 S. Ct. at 2181.  To bring a claim, the plaintiff must have suffered an
3    actual injury by being shut out of court.  Christopher v. Harbury, 536 U.S. 403, 415, 122 S. Ct. 2179,
4    2186-87 (2002); Lewis, 518 U.S. at 351, 116 S. Ct. at 2180.

5    There are "two types of access to the court claims: those involving prisoners' right to
6    affirmative assistance and those involving prisoners' rights to litigate without active interference."
7    Silva v. Di Vittorio, 658 F.3d 1090, 1102 (9th Cir. 2011).  Where an action is asserting a backward
8    looking denial of access claim the plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable'
9    underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded
10   as recompense but that is not otherwise available in a future suit."  Phillips v. Hurst, 477 F.3d 1070,
11   1076 (9th Cir. 2007) overruled on other grounds by Hurst v. Phillips, 129 S. Ct. 1036 (2009).  The
12   nonfrivolous "underlying cause of action and its lost remedy must be addressed by allegations in the
13   complaint sufficient to give fair notice to the defendant."  Christopher, 536 U.S. at 415, 122 S. Ct.
14   at 2187.

15   Plaintiff's access to the court claims regarding his direct appeal have been dismissed, with
16   prejudice, for failure to state a claim.  Plaintiff also alleges that on February 1, 2012, Zavala v. Baker
17   and Huffman, CV-11-399-JLQ (W.D.Washington), was dismissed because neither Plaintiff or the
18   attorney handling his direct appeal filed a motion under Federal Rule of Appellate Procedure 10(e),
19   to modify or correct the record during the pendency of his direct appeal.  While Plaintiff appears to
20   be attempting to show that the dismissal of Zavala v. Baker and Huffman, CV-11-399-JLQ, in 2012
21   was due to the failure to communicate with his attorney, his allegations fail to establish causation
22   between Plaintiff's action filed in 2011, being dismissed and the actions of prison officials in 2008.
23   While Plaintiff was pursuing his direct appeal he sent several letters to the attorney handling the
24   appeal requesting that she arrange for a phone call and detailing the arguments that he wished to
25   made on appeal.  Plaintiff did not receive a phone call with his attorney because she stated she did
26   not need any more assistance from him in completing the appeal and the issues that Plaintiff wanted
27   argued could not be brought on direct appeal.  As the Court has previously found, Plaintiff's inability
28   to contact his attorney was due to her failure to arrange a phone call as evidenced by the letter

5

1  Plaintiff sent to her on October 31, 2006. (Order Requiring Plaintiff to Either File Amended
2  Complaint or Notify Court of Willingness to Proceed Only on Cognizable Claims 5:1-25, ECF No.
3  19.)

4      Plaintiff fails to state a cognizable claim as he has not alleged facts to show that he lost the
5  ability to litigate a nonfrivolous or arguable claim that has not previously been dismissed with
6  prejudice by the court. Plaintiff has been previously been provided with the legal standards that
7  apply to the access to the court claim and has now filed five complaints without stating a cognizable
8  claim. The court finds that Plaintiff's access to the court claim cannot be cured by amendment and
9  leave to amend shall not be granted.

### B. Fifth Amendment Due Process

There is a liberty interest in communication by mail that is protected by the Due Process Clause. Procunier v. Martinez, 416 U.S. 396, 418, 94 S. Ct. 1800 (1974), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 413-14, 109 S. Ct. 1874 (1989); Witherow, 52 F.3d at 265. Withholding delivery of an inmate's mail "must be accompanied by the minimum procedural safeguards." Procunier, 416 U.S. at 417-18, 94 S. Ct. 1800. Specifically, an inmate has a due process liberty interest in receiving notice that his incoming mail is being withheld. Prison Legal News v. Lehman, 397 F.3d 692, 701 (9th Cir. 2005); Sorrels v. McKee, 290 F.3d 965, 971 (9th Cir. 2002). Only where the failure to notify is pursuant to prison policy would a due process claim arise. Sorrels, 290 F.3d at 972.

While Plaintiff alleges that he was not notified that his packages had been returned in violation of prison policy, he fails to allege that the failure to notify was pursuant to a prison policy. The policy requiring Plaintiff to be notified of the rejection of his mail does not violate due process. The fourth amended complaint allegations regarding the failure to notify Plaintiff that his packages were rejected constitutes at most negligence, which is insufficient to state a violation under section 1983. Sorrels, 290 F.3d at 973. Accordingly Plaintiff fails to state a cognizable due process claim. Plaintiff shall be granted one final opportunity to amend his complaint to cure the deficiencies of his due process claim.

///

### C. Sixth Amendment

The Sixth Amendment provides for the rights of an individual in a criminal prosecution. An appellate in a criminal case does have a Sixth Amendment right to assistance of counsel on appeal which is limited to the first appeal as a matter of right. Evitts v. Lucey, 469 U.S. 387, 393 (1985); Martinez v. Schriro, 623 F.3d 731, 736-37 (9th Cir. 2010). However, the Court has previously considered Plaintiff's claims regarding his direct appeal and they have been dismissed, with prejudice, for failure to state a claim.

To the extent that Plaintiff may be attempting to bring a claim for a subsequent appeal, there is no right under the Sixth Amendment for access to materials to prepare legal arguments and documents. United States v. Wilson, 690 F.2d 1267, 1271 (9th Cir. 1982). Therefore, the First Amendment rather than the Sixth Amendment governs Plaintiff's claim.

### D. Code of Federal Regulations

Plaintiff alleges that his trial attorney was unable to reach him in violation of 28 CFR §§ 540.19, 540.102 and 540.103. A Bivens action must be based upon the violation of a constitutional right. Arcoren v. Peters, 829 F.2d 671, 676 (8th Cir. 1987). "A violation of a statute or a regulation does not rise to a constitutional level unless the statutory or regulatory provisions supply the basis for the claim of a constitutional right." Arcoren, 829 F.2d at 677 (citing Davis v. Scherer, 468 U.S. 183, 193-94 n.12, 104 S. Ct. 3012, 3019 n.12 (1984)). Plaintiff fails to state a claim based upon the violation of the Code of Federal Regulations.

## V. Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted one final leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the

duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's First Amendment and Sixth Amendment claims are dismissed, with prejudice, for failure to state a claim;
3. Plaintiff's complaint, filed April 30, 2012, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
4. Plaintiff is granted leave to file an amended complaint only to cure the deficiencies in his due process claim;
5. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
6. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   May 3, 2012                        /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE