UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL SANCHEZ ZAVALA, | CASE NO.  1:09-cv-679-MJS (PC) |
| Plaintiff, | ORDER FINDING THAT PLAINTIFF STATES A COGNIZABLE FIFTH AMENDMENT CLAIM AND DISMISSING OTHER CLAIMS AND DEFENDANTS |
| v. | (ECF No. 69) |
| HECTOR RIOS, et al. | |
| Defendants. | |
| / | |

Plaintiff Raul Sanchez Zavala ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. § 1331.

On February 14, 2013, the Court consolidated another action by Plaintiff (1:12-cv-00930 (PC) Zavala v. United States) with this action. (ECF No. 55.) In its order, the Court directed Plaintiff to file a motion to amend and a proposed sixth amended complaint. (Id.)

-1-

The Court screened Plaintiff's Sixth Amended Complaint and, finding some, but not all, of his claims cognizable, gave Plaintiff the opportunity to either proceed on his cognizable claims or file an amended complaint. (ECF No. 68.) Plaintiff elected to file a Seventh Amended Complaint, and that pleading is now before the Court for screening. (Am. Compl., ECF No. 69.)

## I.   SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   SUMMARY OF COMPLAINT

The allegations in Plaintiff's Complaint occurred at United States Penitentiary in Atwater, California ("USP-Atwater") where Plaintiff is currently housed.

Plaintiff brings this action for violation of his rights under the First Amendment, Fifth Amendment, and Federal Tort Claims Act. He names the following individuals as defendants: 1) Hector Rios, former USP-Atwater Warden, 2) the United States, 3) Defendant A, USP-Atwater mail room employee, 4) Defendant B, USP-Atwater mail room employee, 5) Gonzaga, USP-Atwater mail room supervisor, 6) Capel, correctional counselor for Plaintiff at USP-Atwater, and 7) Silva, correctional counselor for Plaintiff at USP-Atwater.

Plaintiff alleges as follows:

Legal documents related to Plaintiff's criminal appeal were rejected by USP-Atwater

-2-

staff, and Plaintiff was not informed of the rejection. (Am. Compl. at 3.) These documents were necessary for Plaintiff's appeal because his appellate counsel was different than his trial counsel. (Id.) Plaintiff's appeal was ultimately denied. (Id. at 12.)

Plaintiff's attorney sent him documents related to the appeal in 2006, the documents were rejected by Defendant A, but Plaintiff did not discover the rejection until his attorney notified him the documents had been returned. (Am. Compl. at 11, 14.) Defendant Gonzaga informed Plaintiff there was no record of Plaintiff's mail having been rejected by the prison, but that packages weighing more than sixteen ounces required proper authorization for acceptance by the prison mail system. (Id.)

In 2007, Defendant Gonzaga told Plaintiff that no authorization form was required for heavier mail sent by an attorney. (Am. Compl. at 12.) Plaintiff's mail from his attorney in 2008 was again rejected by Defendant B. (Am. Compl. at 12, 18.) Plaintiff discovered the rejection via a court order informing him that an attorney had attempted to comply with his request for documents but had not been able to due to prison interference. (Id. at 13.) Plaintiff later learned that USP-Atwater did not keep a record of the mail it rejected. (Id. at 15.)

In 2006, Defendants Capel and Silva refused to provide Plaintiff with an unmonitored phone line on which to speak to this attorney. (Am. Compl. at 23, 27, 28.) Plaintiff was unable to speak with his attorney while his appellate briefs were drafted. (Id.) As a result the appellate record for his appeal was incomplete. (Id.)

Plaintiff asks for $100,000 in compensatory damages and $50,000 in punitive damages from each defendant. (Am. Compl. at 3.) He also asks for $1,000,000 from the United States and that this defendant provide him with the legal recourse he was previously denied. (Id.)

### III. ANALYSIS

#### A. Pleading Requirements

A complaint must contain "a short and plain statement of the claim showing that the

-3-

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 678-679.

Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991). Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens, 403 U.S. at 397. To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

### B.  Fifth Amendment Due Process Claims

Plaintiff alleges Defendants A, B, and Gonzaga violated his Fifth Amendment due process rights by failing to notify him of the prison's rejection of packages containing legal materials.

There is a liberty interest in communication by mail that is protected by the Due Process Clause. Procunier v. Martinez, 416 U.S. 396, 418 (1974), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989); Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). Withholding delivery of an inmate's mail "must be accompanied by the minimum procedural safeguards." Procunier, 416 U.S. at 417-18. Specifically, an inmate has a due process liberty interest in receiving notice that his incoming mail is being withheld. Prison Legal News v. Lehman, 397 F.3d 692, 701 (9th Cir. 2005); Sorrels v. McKee, 290 F.3d 965, 971 (9th Cir. 2002). Only where the failure to notify is pursuant to

prison policy would a due process claim arise. Sorrels, 290 F.3d at 972.

Plaintiff alleges that a prison policy caused his mail to be withheld and packages returned without notice to him. Plaintiff has stated a cognizable due process claim against Defendants A, B, and Gonzaga.

### C. First Amendment Claim

Plaintiff alleges that Defendants Capel and Silva violated his First Amendment rights by not allowing him to communicate with his attorney.

An inmate retains First Amendment free speech rights not inconsistent with his status as a prisoner and with the legitimate penological objectives of the corrections system. See Shaw v. Murphy, 532 U.S. 223, 231 (2001); Clement v. California Dep't of Corr., 364 F.3d 1148, 1151 (9th Cir. 2004). However, jail personnel may regulate speech if such restriction is reasonably related to legitimate penological interests and an inmate is not deprived of all means of expression. Valdez v. Rosenbaum, 302 F.3d 1039, 1048 (9th Cir. 2002) (citing Turner v. Safley, 482 U.S. 78, 92 (1986)). The United States Constitution does not provide for an unfettered right to use a telephone. Rather, to state a constitutional claim, a plaintiff must allege that the use of a phone is connected to another constitutional right, such as the right of free speech or access to the courts. Even then, a telephone is only one means for an inmate to exercise the extremely limited First Amendment right to communicate with persons outside the jail. Valdez, 302 F.3d at 1048. That same right may be met through other means such as correspondence or personal visits.

Plaintiff alleges that Defendants Capel and Silva failed to provide him with an un-monitored phone line to speak with his attorney. However Plaintiff does not allege why an un-monitored phone line was necessary or whether he had another avenue of communication available to him. It appears that Plaintiff himself prevented some claims from being raised on appeal because he was unwilling to discuss these claims on an un-monitored phone line. Plaintiff's allegations do not reflect that Defendants Capel and Silva

1  prevented Plaintiff from filing a proper appeal.

2  Plaintiff has failed to allege a First Amendment claim against these defendants and,
3  given his failure to do so after several attempts, he will not be given further leave to amend.

### D. Federal Tort Claims Act

5  Plaintiff alleges a claim under the Federal Tort Claims Act ("FTCA") against the
6  United States.

7  The FTCA, 28 U.S.C. §§ 1346(b), 2671–2680, waives the sovereign immunity of the
8  United States for certain torts committed by federal employees. FDIC v. Meyer, 510 U.S.
9  471 (1994). The FTCA provides that district courts have exclusive jurisdiction of civil
10 actions against the United States for money damages "for injury or loss of property, or
11 personal injury or death caused by the negligent or wrongful act or omission of any
12 employee" of the federal government while acting within the scope of his office or
13 employment. 28 U.S.C. § 1346(b). The FTCA allows federal inmates to sue the United
14 States for injuries sustained while incarcerated. 28 U.S.C. § 2674.

15 The United States is the only proper defendant in a suit brought pursuant to the
16 FTCA. FDIC v. Craft, 157 F.3d 697, 706 (9th Cir. 1998); Kennedy v. United States Postal
17 Serv., 145 F.3d 1077, 1078 (9th Cir. 1998). "A claim against [a federal agency] in its own
18 name is not a claim against the United States." Kennedy, 145 F.3d at 1078. Nor is an
19 agency a proper defendant under the FTCA. Craft, 157 F.3d at 706 (citing Shelton v.
20 United States Customs Serv., 565 F.2d 1140, 1141 (9th Cir. 1977)).

21 Under the FTCA a claim must be filed with the appropriate federal agency within two
22 years of its accrual and suit must be commenced within six months of the agency's denial
23 of the claim. 28 U.S.C. § 2401(b). This administrative exhaustion requirement is
24 mandatory and jurisdictional. McNeil v. United States, 508 U.S. 106, 113 (1993) ("The
25 FTCA bars claimants from bringing suit in federal court until they have exhausted their
26 administrative remedies."). Exhaustion must be affirmatively alleged in the complaint.
27 Bettis v. Blackstone, 2009 WL 2971364, *2 n. 2 (E.D. Cal. Sept. 11, 2009) (citing Gillespie

v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980)).

Although Plaintiff now names the United States as a defendant in this action, Plaintiff has not alleged that he administratively exhausted his potential claims against the United States. He has failed to explain why certain individuals' failure to allow him to receive packages from his attorney might constitute tortious action on the part of the United States. Plaintiff has failed to state a claim under the FTCA and will not be given further leave to amend.

## IV. CONCLUSION AND ORDER

The Court finds that Plaintiff's Seventh Amended Complaint has stated a cognizable Fifth Amendment due process claim against Defendants A, B, and Gonzaga. Plaintiff has failed to state any other claims against any other defendants.

Based on the foregoing, it is ORDERED that:

1. This action proceed as one for damages on Plaintiff's Fifth Amendment due process claim against Defendants A, B, and Gonzaga;

2. Plaintiff's First Amendment claim against Defendants Capel and Silva is DISMISSED with prejudice;

3. Plaintiff's Federal Tort Claims Act claim against the United States be DISMISSED with prejudice; and

4. Defendants Capel, Silva, and the United States be DISMISSED from this action.

IT IS SO ORDERED.

Dated:   August 14, 2013            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE