UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL SANCHEZ ZAVALA,<br><br>        Plaintiff,<br><br>    v.<br><br>HECTOR RIOS, et al.,<br><br>        Defendants. | CASE NO. 1:09-cv-00679-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S OBJECTIONS**<br><br>**(ECF No. 72)** |

**I.   PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. § 1331.

On August 15, 2013, the Court screened Plaintiff's seventh amended complaint and found that it stated a cognizable Fifth Amendment due process claim against Defendants A, B, and Gonzaga. (ECF No. 71.) The Court found that Plaintiff had failed to state any other claims against any other defendants; dismissed Defendants Capel,

Silva, and the United States; and dismissed with prejudice Plaintiff's First Amendment free speech and Federal Tort Claims Act claims. (Id.)

Before the Court are Plaintiff's objections to the Court's screening order (ECF No. 72), which the Court construes as a motion for reconsideration.

## II.    PLAINTIFF'S SEVENTH AMENDED COMPLAINT

The allegations in Plaintiff's seventh amended complaint occurred at United States Penitentiary in Atwater, California ("USP-Atwater"), where Plaintiff is currently housed.

The complaint alleges violations of Plaintiff's rights under the First Amendment, Fifth Amendment, and Federal Tort Claims Act. Plaintiff names the following individuals as defendants: 1) Hector Rios, former USP-Atwater Warden, 2) the United States, 3) Defendant A, USP-Atwater mail room employee, 4) Defendant B, USP-Atwater mail room employee, 5) Gonzaga, USP-Atwater mail room supervisor, 6) Capel, correctional counselor for Plaintiff at USP-Atwater, and 7) Silva, correctional counselor for Plaintiff at USP-Atwater.

Plaintiff's allegations may be summarized essentially as follows:

Legal mail related to Plaintiff's criminal appeal was rejected by Defendants A and B. Defendant Gonzaga informed Plaintiff that there was no record of Plaintiff's mail having been rejected by the prison, refused to accept Plaintiff's package authorization form, and informed Plaintiff that no authorization form was required for packages sent by an attorney, even though a package sent by Plaintiff's attorney had been rejected for lack of an authorization form. Plaintiff's criminal appeal ultimately was denied.

Defendants Capel and Silva refused Plaintiff's request for an unmonitored phone line on which to speak to his attorney, and informed Plaintiff that the request should

2

come directly from Plaintiff's attorney. Plaintiff was unable to speak with his attorney while his appellate briefs were drafted. As a result, the appellate record for his appeal was incomplete.

## III. LEGAL STANDARDS

### 1. Motion for Reconsideration

Federal Rules of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id. Moreover, "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (9th Cir. 2001) (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856-57 (D.N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . ."

### 2. First Amendment – Free Speech

"[T]he constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at large. In the First Amendment context . . . some rights are simply inconsistent with the status of a prison or 'with the legitimate penological objectives of the corrections system.'" Shaw v. Murphy, 532 U.S. 223, 229 (2001) (quoting Pell v. Procunier, 417 U.S. 817, 822 (1974)). Thus, jail personnel may regulate speech if such restriction is reasonably related to legitimate penological interests and an inmate is not deprived of all means of expression. Valdez v. Rosenbaum, 302 F.3d 1039, 1048 (9th Cir. 2002) (citing Turner v. Safley, 482 U.S. 78, 92 (1986)).

Based on the foregoing, the United States Constitution does not provide for an unfettered right to use a telephone. Rather, to state a constitutional claim, a plaintiff must allege that the use of a phone is connected to another constitutional right, such as the right of free speech or access to the courts. Even then, a telephone is only one means for an inmate to exercise the extremely limited First Amendment right to communicate with persons outside the jail. Valdez, 302 F.3d at 1048. That same right may be met through other means such as correspondence or personal visits.

### 3. Federal Tort Claims Act

The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680, waives the sovereign immunity of the United States for certain torts committed by federal employees. FDIC v. Meyer, 510 U.S. 471, 475 (1994). The FTCA provides that district courts have exclusive jurisdiction over civil actions against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the [federal] Government while

4

acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). The FTCA allows federal inmates to sue the United States for injuries sustained while incarcerated. 28 U.S.C. § 2674.

The United States is the only proper defendant in a suit brought pursuant to the FTCA. FDIC v. Craft, 157 F.3d 697, 706 (9th Cir. 1998); Kennedy v. U.S. Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998). "A claim against [a federal agency] in its own name is not a claim against the United States." Kennedy, 145 F.3d at 1078. Nor is an agency a proper defendant under the FTCA. Craft, 157 F.3d at 706 (citing Shelton v. U.S. Customs Serv., 565 F.2d 1140, 1141 (9th Cir. 1977)).

Under the FTCA a claim must be filed with the appropriate federal agency within two years of its accrual and suit must be commenced within six months of the agency's denial of the claim. 28 U.S.C. § 2401(b). This administrative exhaustion requirement is mandatory and jurisdictional. Valadez-Lopez v. Chertoff, 656 F.3d 851, 855 (9th Cir. 2011) (quoting Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000)). Exhaustion must be affirmatively alleged in the complaint. Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980).

## IV.   ANALYSIS

### A.   First Amendment Claim

Plaintiff objects to the dismissal of his First Amendment free speech claim against Defendants Capel and Silva, and attempts to cure the deficiencies in his seventh amended complaint by alleging that his attorney did not want to speak on a monitored telephone line, that Defendants Capel and Silva denied his requests for a legal telephone call, and that Plaintiff did not have any other avenue for speaking with his attorney.

Plaintiff's assertion that he had no other avenue for speaking with his attorney is new. Plaintiff was advised of the elements of a First Amendment free speech claim in the order screening his sixth amended complaint. (ECF No. 68 at 5.) The proper time for him to have made his allegations was in his seventh amended complaint, not in objections filed after that complaint was screened. See Marlyn Nutraceuticals, Inc., 571 F.3d at 880 ("A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation.").

In any event, Plaintiff's allegations do not state a First Amendment claim. Plaintiff's conclusory statement that he had no other avenue for speaking with his attorney is contradicted by his complaint, which alleges that Plaintiff was informed his attorney could submit a request for a legal telephone call. Plaintiff has not alleged that his attorney requested a legal telephone call and that such a request was denied, or that other avenues of communication, such as personal visits, were not available.

**B.    Federal Tort Claims Act**

Plaintiff objects to the Court's dismissal of his FTCA claim on the ground that his complaint alleged that he had exhausted his administrative remedies and that "certain individuals' failure to allow Plaintiff to receive packages from his attorney" constituted a tortious act on the part of the United States. (ECF No. 72 at 4.) Plaintiff argues that Defendants' conduct was tortious because they acted with deliberate indifference. (Id.)

Plaintiff's arguments restate allegations that have already been considered by the Court. See Westlands Water Dist., 134 F. Supp. 2d at 1131. Plaintiff's seventh amended complaint alleged that Plaintiff had "exhausted his administrative remedies by filing his Administrative claims with [the] appropriate federal agency." (ECF No. 69 at 6.) However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

6

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Similarly, although Plaintiff continues to allege that Defendants' failure to allow Plaintiff to receive packages constituted a tortious act, this allegation, standing alone, is insufficient to state a tort claim.

## V.  CONCLUSION AND ORDER

Plaintiff has not met the standard for granting a motion for reconsideration, and accordingly, his objections (ECF No. 72) are HEREBY DENIED.

IT IS SO ORDERED.

Dated:   July 11, 2014                    /s/ *Michael J. Seng*
                                                                             UNITED STATES MAGISTRATE JUDGE