UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RAUL SANCHEZ ZAVALA,

Plaintiff,

v.

HECTOR RIOS, et al.,

Defendants.

CASE NO. 1:09-cv-00679-MJS (PC)

**ORDER (1) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 76), AND (2) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR EXTENSION OF TIME (ECF No. 77)**

## I. PROCEDURAL HISTORY

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and 28 U.S.C. § 1331.

On August 15, 2013, the Court screened Plaintiff's seventh amended complaint and found that it stated a cognizable Fifth Amendment due process claim against Defendants A, B, and Gonzaga. (ECF No. 71.) The Court found that Plaintiff failed to state any other claims against any other defendants; dismissed Defendants Capel, Silva, and the United States; and dismissed with prejudice Plaintiff's First Amendment free speech and Federal Tort Claims Act claims. (Id.)

On August 29, 2013, Plaintiff filed objections to the Court's screening order (ECF No. 72), which the Court construed as a motion for reconsideration and denied on August 25, 2014. (ECF No. 75.)

Before the Court is Plaintiff's motion for reconsideration of the order denying Plaintiff's prior motion for reconsideration (ECF No. 76) and his motion to extend the discovery cut-off (ECF No. 77).

**II. MOTION FOR RECONSIDERATION**

Plaintiff reasserts his argument that the Court incorrectly concluded that Plaintiff failed to state a cognizable First Amendment claim or Federal Tort Claims Act claim. (ECF No. 76.)

**1. Legal Standard**

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id. Moreover, "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (9th Cir. 2001) (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856-57 (D.N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . ."

**2. Plaintiff's Seventh Amended Complaint**

The allegations in Plaintiff's seventh amended complaint occurred at United States Penitentiary in Atwater, California ("USP-Atwater"), where Plaintiff is currently housed.

The complaint alleges violations of Plaintiff's rights under the First Amendment, Fifth Amendment, and Federal Tort Claims Act. Plaintiff names the following individuals as defendants: 1) Hector Rios, former USP-Atwater Warden, 2) the United States,

3) Defendant A, USP-Atwater mail room employee, 4) Defendant B, USP-Atwater mail room employee, 5) Gonzaga, USP-Atwater mail room supervisor, 6) Capel, correctional counselor for Plaintiff at USP-Atwater, and 7) Silva, correctional counselor for Plaintiff at USP-Atwater.

Plaintiff's allegations may be summarized essentially as follows:

Legal mail related to Plaintiff's criminal appeal was rejected by Defendants A and B. Defendant Gonzaga informed Plaintiff that there was no record of Plaintiff's mail having been rejected by the prison, refused to accept Plaintiff's package authorization form, and informed Plaintiff that no authorization form was required for packages sent by an attorney, even though a package sent by Plaintiff's attorney had been rejected for lack of an authorization form. Plaintiff's criminal appeal ultimately was denied.

Defendants Capel and Silva refused Plaintiff's request for an unmonitored phone line on which to speak to his attorney, and informed Plaintiff that the request should come directly from Plaintiff's attorney. Plaintiff was unable to speak with his attorney while his appellate briefs were drafted. As a result, the appellate record for his appeal was incomplete.

**3. Discussion**

**a. First Amendment**

"[T]he constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at large. In the First Amendment context . . . some rights are simply inconsistent with the status of a prison or 'with the legitimate penological objectives of the corrections system.'" Shaw v. Murphy, 532 U.S. 223, 229 (2001) (quoting Pell v. Procunier, 417 U.S. 817, 822 (1974)). Thus, jail personnel may regulate speech if such restriction is reasonably related to legitimate penological interests and an inmate is not deprived of all means of expression. Valdez v. Rosenbaum, 302 F.3d 1039, 1048 (9th Cir. 2002) (citing Turner v. Safley, 482 U.S. 78, 92 (1986)).

The United States Constitution does not provide for an unfettered right to use a telephone. Rather, to state a constitutional claim, a plaintiff must allege that the use of a phone is connected to another constitutional right, such as the right of free speech or access to the courts. Even then, a telephone is only one means for an inmate to exercise the extremely limited First Amendment right to communicate with persons outside the jail. Valdez, 302 F.3d at 1048. That same right may be met through other means such as correspondence or personal visits.

**i. Prior Ruling**

In his prior objections, Plaintiff alleged that his attorney did not want to speak on a monitored telephone line,that Defendants Capel and Silva denied his requests for a legal telephone call, and that Plaintiff did not have any other avenue for speaking with his attorney. (ECF No. 72.) In denying the objections, the Court noted that Plaintiff's seventh amended complaint did not allege that Plaintiff had no other avenue for speaking with his attorney. (ECF No. 75.) The Court also noted that Plaintiff alleged he was told his attorney could submit a request for a legal telephone call. The Court pointed out that Plaintiff did not allege that his attorney requested a legal telephone call or that such a request was denied, or that other avenues of communication, such as personal visits, were not available.

**ii. Reconsideration**

In the instant motion for reconsideration, Plaintiff submits as Exhibit A documents he contends previously were submitted with his complaint. (ECF No. 76 at 6.) Exhibit A contains administrative appeal documents in which Plaintiff states he was denied legal telephone calls.

These documents were not included as exhibits to Plaintiff's seventh amended complaint. (ECF No. 69.) Plaintiff, having submitted over one hundred pages of documents with his various complaints, may have submitted these documents with one of his six prior complaints. The Court is not required to review these documents each time Plaintiff files a new complaint. As Plaintiff has been advised, an amended complaint

must be complete in itself without reference to any prior pleading. Local Rule 220; Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

Additionally, review of the documents submitted does not help his cause. Included in those documents are letters between Plaintiff and his counsel, indicating Plaintiff's understanding that a request from his attorney was required before a legal telephone call could be arranged. (See, e.g., ECF No.10 at 40.) Counsel responded that no request was made because she viewed further communication with Plaintiff to be unnecessary. (ECF No. 10 at 44.) Plaintiff, quite obviously, disagreed with his counsel's assessment. (ECF No. 10 at 57-59.) However, nothing indicates that a request by counsel for a legal telephone call with Plaintiff was denied by correctional staff.

**b. Federal Tort Claims Act**

The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680, waives the sovereign immunity of the United States for certain torts committed by federal employees. FDIC v. Meyer, 510 U.S. 471, 475 (1994). The FTCA provides that district courts have exclusive jurisdiction over civil actions against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the [federal] Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). The FTCA allows federal inmates to sue the United States for injuries sustained while incarcerated. 28 U.S.C. § 2674.

Under the FTCA a claim must be filed with the appropriate federal agency within two years of its accrual and suit must be commenced within six months of the agency's denial of the claim. 28 U.S.C. § 2401(b). This administrative exhaustion requirement is mandatory and jurisdictional. Valadez-Lopez v. Chertoff, 656 F.3d 851, 855 (9th Cir. 2011) (quoting Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000)). Exhaustion must be affirmatively alleged in the complaint. Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980).

**i. Prior ruling**

In his prior objections, Plaintiff argued that he had exhausted his administrative remedies and that "certain individuals' failure to allow Plaintiff to receive packages from his attorney" constituted a tortious act on the part of the United States. (ECF No. 72 at 4.) The Court found insufficient Plaintiff's conclusory statement that he had "exhausted his administrative remedies by filing his Administrative claims with [the] appropriate federal agency." Additionally, the Court concluded that Plaintiff's allegation that Defendants didn't allow Plaintiff to receive packages, standing alone, was insufficient to state a tort claim.

**ii. Reconsideration**

In the instant motion, Plaintiff contends that documents establishing exhaustion were submitted with his complaint. Again, however, no documents concerning exhaustion were submitted with Plaintiff's seventh amended complaint. Further, the documents submitted with his motion for reconsideration demonstrate that Plaintiff **did not** properly exhaust his administrative remedies. Although Plaintiff filed a FTCA administrative claim, consideration of that claim was barred because Plaintiff's filing was untimely. (ECF No. 76 at 21.) Additionally, even assuming Plaintiff had exhausted his claims, he has not alleged facts to meet the substantive elements of a tort claim.

**4. Conclusion**

Based on the foregoing, the Court will deny Plaintiff's motion for reconsideration.

**III. MOTION TO EXTEND THE DISCOVERY CUT-OFF**

Federal Rule of Civil Procedure 16(b)(4) allows the Court to modify its scheduling order for good cause. The "good cause" standard focuses primarily on the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id.

The current discovery cut-off is November 30, 2014. (ECF No. 73). Plaintiff seeks to extend the cut-off by an additional 45 days. (ECF No. 77.) Plaintiff contends that he submitted various discovery requests to Defendant Gonzaga in early September, but that Defendant has not responded to all of them. Additionally, in Defendant's August 28, 2014 response to other discovery requests, Defendant's counsel indicated that he had not fully completed his investigation into the facts of this case, his discovery, or his preparation for trial.

Defendant Gonzaga does not oppose the motion provided that the dispositive motion deadline also is extended by 45 days. (ECF No. 78.)

Plaintiff has not provided good cause for extending the discovery cut-off. He has not sought to compel the discovery that Defendants allegedly have not responded to, nor explained why discovery cannot be completed by the November 30, 2014 deadline. Based on the limited information provided in Plaintiff's motion, the Court is unable to determine what purpose would be served by extending the discovery cut-off.

The Court will deny Plaintiff's motion without prejudice to Plaintiff seeking an extension of time supported by good cause.

## IV. CONCLUSION AND ORDER

Plaintiff has not met the standard for granting a motion for reconsideration, and accordingly, his motion for reconsideration (ECF No. 76) is HEREBY DENIED.

Plaintiff has not presented good cause for modifying the Court's scheduling order, and accordingly his motion to extend the discovery cut-off (ECF No. 77) is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated: October 30, 2014

/s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE