UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL SANCHEZ ZAVALA, | CASE NO. 1:09-CV-00679-MJS |
| Plaintiff, | ORDER DENYING PLAINTIFF'S SECOND MOTION FOR A 45-DAY EXTENSION TO AMEND PLEADINGS; MOTION FOR LEAVE TO AMEND; AND MOTION FOR LEAVE TO ADD CLAIMS AGAINST DEFENDANT GONZAGA |
| v. | |
| HECTOR RIOS, et al., | |
| Defendants. | |
| | (ECF NOS. 81, 115, & 119) |
| | ORDER DENYING PLAINTFF'S MOTION FOR LEAVE TO RELATE BACK |
| | (ECF NO. 114) |
| | ORDER DENYING, IN PART, AND GRANTING, IN PART, PLAINTIFF'S MOTION TO EXTEND DISCOVERY CUT-OFF DATE; MOTIONS FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES AND REQUESTS FOR ADMISSION AND TO TAKE WRITTEN DEPOSITIONS; AND MOTION FOR LEAVE TO CONDUCT ADDITIONAL DISCOVERY AND ADD DEFENDANTS |
| | (ECF NOS. 84, 85, 86, 93, & 118) |

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

(ECF NO. 82)

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL ANSWERS TO FIRST SET OF INTERROGATORIES

(ECF NO. 83)

ORDER DENYING, IN PART, AND GRANTING, IN PART, PLAINTIFF'S MOTION TO COMPEL ANSWERS TO REQUEST FOR ADMISSIONS, SET ONE

(ECF NO. 95)

ORDER DENYING PLAINTIFF'S 54(b) MOTION

(ECF NO. 113)

ORDER DENYING PLAINTIFF'S 56(a) MOTION

(ECF NO. 116)

30-DAY DEADLINE

I.    PROCEDURAL HISTORY

Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331.  The action proceeds on a Fifth Amendment due process claim against Defendants A, B, and Gonzaga.

Before the Court are Plaintiff's second motion for a 45-day extension of time to amend pleadings (ECF No. 81.); motion to compel production of documents, electronically stored information, and tangible things (ECF No. 82.); motion to compel

answers to Plaintiff's first set of interrogatories (ECF No. 83.); motion to compel answers to Plaintiff's request for admissions, set one (ECF No. 95.); motion to extend the discovery cut-off date for 90 days (ECF No. 84.); motion for leave to serve additional request for admissions (ECF No. 85.); motion for leave to serve ten additional interrogatories (ECF No. 86.); motion for leave to take written deposition of Defendant Gonzaga and non-party witnesses (ECF No. 93.); Rule 54(b) motion (ECF No. 113.); motion for leave to relate back and supplement pursuant to Fed. R. Civ. P. 15(c) and (d) (ECF No. 114.); motion for leave to amend pleadings (ECF No. 115.); motion for partial judgment pursuant to Fed. R. Civ. P. 56(a) (ECF No. 116.); motion for leave to conduct additional discovery and add defendants (ECF No. 118.); and motion for leave to join or add claims against Defendant Gonzaga (ECF No. 119.).   Defendant Gonzaga filed an opposition to all of the motions except for Plaintiff's motion for leave to take written depositions (ECF No. 93.) and Plaintiff's Rule 54(b) motion (ECF No. 113).  (ECF Nos. 96, 97, 99, 100, 101, 120 & 121.)  Plaintiff replied to the majority of the oppositions; for the others, the time to reply has expired.  (ECF Nos. 103, 104, 105, 106, 109, & 110.).  The motions are deemed submitted.  Local Rule 230(l).

## II.     MOTIONS FOR LEAVE TO AMEND

The decision to grant or deny leave to amend pleadings is within the trial court's discretion.  *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).  A party seeking leave to amend must demonstrate that amendment is proper under Federal Rule of Civil Procedure 15.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Under Rule 15(a)(2), the Court should freely give leave to amend a pleading "when justice so requires."  The Court should apply this policy "with extreme liberality."  *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (*quoting Morongo Band of Mission Indians v. Rose*, 893 F. 2d 1074, 1079 (9th Cir. 1990)).  "If the underlying facts or circumstances relied upon by a [party] may be a

proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

However, a district court may deny leave to amend "where there is 'any *apparent or declared* reason' for doing so, including undue delay, undue prejudice to the opposing party or futility of the amendment." *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 772 (9th Cir. 1991) (*quoting Foman*, 371 U.S. at 182). These factors are not to be given equal weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice to the opposing party must be given the greatest weight. *Id.* "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.*

Plaintiff filed the following four motions essentially requesting leave to amend his Seventh Amended Complaint: 1) second motion for a 45-day extension of time to amend pleadings; 2) motion for leave to relate back and supplement pursuant to Fed. R. Civ. P. 15(c) and (d); 3) motion for leave to amend pleadings; and 4) motion for leave to join or add claims against Defendant Gonzaga. (ECF Nos. 81, 114, 115, & 119.)

The deadline to amend pleadings in this case was September 30, 2014. Plaintiff argues that he timely filed a motion for an extension of time to amend on September 21, 2014, but did not hear back from the Court. Therefore, he filed a "second" motion. He contends that good cause exists because: 1) Defendant Gonzaga has not fully responded to his discovery requests; 2) this case is complex and he is indigent proceeding *pro se*; 3) during discovery, he "learned information concerning additional claims against Defendant Gonzaga" and new claims against Warden Dennis Smith; 4) on October 24, 2014, he learned that Defendants A and B could be one of six named individuals; and 5) he did not learn of information regarding Defendant Gonzaga's credibility until he received her responses to his request for admissions, set one. Plaintiff also seeks to add unidentified legal claims and a new party and requests additional time

to brief the issue because of his inability to access the law library due to a lockdown at Atwater prison.

Defendant Gonzaga argues that the deadline to amend has passed, and Plaintiff has not shown good cause.

There is no record on the docket of Plaintiff timely seeking leave to amend in September 2014.  Additionally, Plaintiff failed to submit a copy of his proposed amended complaint with any of his motions.  *See* Local Rule 137(c).

The only claim Plaintiff identifies adding against Defendant Gonzaga is "supervisory liability."  (ECF No. 119.)  Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior.  Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 691 (1978).  Liability may be imposed on supervisory defendants under § 1983 only if the supervisor: (1) personally participated in the deprivation of constitutional rights or directed the violations or (2) knew of the violations and failed to act to prevent them.  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  In screening Plaintiff's Seventh Amended Complaint, the Court found that Plaintiff stated a claim against Defendant Gonzaga, who he identified as the <u>supervisor</u> of the mail room.  (ECF No. 71.)  Plaintiff cannot state a separate claim for "supervisory liability."  Leave to amend to do so is denied as futile.

Plaintiff does not specify the nature or substance of any additional claims against Defendants or any new party.  Therefore, the Court cannot determine what, if any, new claims Plaintiff seeks to add against Defendants or any new party and whether good cause exists to do so.

If Plaintiff, through the discovery process, is able to identify the names of unknown Defendants A and B, he may file a motion seeking leave to amend to substitute the Defendants with their real names.  In so doing, Plaintiff should specifically identify

which individual he seeks to substitute for each unknown Defendant currently named in the action and indicate when and how he learned of their identities.

## III.   MOTIONS TO COMPEL

### A.   Legal Standard

"The discovery process is subject to the overriding limitation of good faith." *Asea v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981).   "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).   The Court also may order discovery of any relevant matter with a showing of good cause.   *Id.*   Information is relevant if it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*   "In each instance, the determination whether . . . information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment) (Subdivision (b)(1)).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. *Grabek v. Dickinson*, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); *Ellis v. Cambra*, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).   The moving party "at a minimum . . . has the burden of informing the court which discovery requests are the subject of his motion to compel, which of the . . . responses are disputed, why . . . [the] responses are deficient, why the . . . objections are not justified, and why the information he seeks through discovery is relevant . . ." *Walker v. Karelas*, 2009 WL 3075575, at *1 (E.D. Cal. Sep. 21, 2009).

The Court must limit discovery if the burden of the proposed discovery "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(iii).

The requests and responses at issue and the Court's ruling on each are as follows:

**B.    Production of Documents, Electronically Stored Information, and Tangible Things:**

Defendant Gonzaga argues that Plaintiff's motion to compel should be denied because he fails to identify which responses he disputes or state why the responses are deficient.  In Plaintiff's reply, he specifies which responses he disputes, but the motion to compel production will nevertheless be denied for the reasons set forth below.

> **Document Request No. 9**: Audio recordings to a call made by Plaintiff from the USP Atwater Inmate Telephone System, to Attorney Lindholdt at telephone number (509) 744-1100. This call was made in mid or late September or early October of 2006.
> **Response**: No documents to this request are within defendant's possession, custody or control.

**Analysis and Ruling**:

Plaintiff argues that the audio recording will establish his need to communicate with Appellate counsel.  While that may be true, Defendant cannot produce what he does not have.  Even if such material existed, Plaintiff has not established how the audio recordings might prove relevant to his case or lead to the discovery of admissible evidence.

> **Document Request No. 10**:  Names of all Counselors, Unit Managers, Case Managers, Secretaries employed at USP Atwater Unit 5-B during the period of around April of 2008, up until the time Plaintiff was reassigned/moved to Unit 4-B (around July of 2009) .
> **Response**: Defendant objects to this request on the grounds that it calls for a narrative response, not the production of documents or tangible things. To the extent that this request can be construed as requesting all documents containing the information described in the request, defendant further objects on the grounds that the request is overly broad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible evidence.

**Analysis and Ruling**:

Defendant's objections are well taken.  Request No. 10 does not request production of documents, and if it did, it would indeed be overly broad and appear to call for information which is not relevant to his due process claim or likely to lead to

discoverable evidence.  Plaintiff has not articulated why and how Defendant's objection

is deficient and not justified.

> **Document Request No. 18**: All calls and messages received by the USP Atwater Unit 5-B Counselors or any other staff from attorney Frank Louis Cikutovich's telephone number: (509) 323-9000 during the period April of 2008 through July of 2009.
> **Response**: No documents responsive to this request are within defendant's possession, custody or control.

**Analysis and Ruling**:

Plaintiff contends that he disclosed documents to Defendant reflecting calls by his

attorney to USP Atwater Counselors.  It appears then that Plaintiff possesses the

documents relevant to his request.  Regardless, Defendant's sworn response says no

such documents exist.  She cannot be ordered to produce that which she does not have.

> **Document Request No. 22**: All post-office receipts or records containing the information indicating BOP's Officials rejection of every piece, box, letter, item, etc., of Plaintiff's mail.
> **Response**: No documents responsive to this request are within defendant's possession, custody or control.

**Analysis and Ruling**:

Plaintiff argues the documents are relevant to his claim because they will indicate

which employee was working in the mail room and therefore who rejected his legal mail.

While the documents may be relevant to Plaintiff's claim, Defendant cannot produce

what she does not have.

> **Document Request No. 24**: On or about March 11, 2008, Plaintiff was placed on the USP Atwater's Institution Call-Out Roster directing Plaintiff to appear at the Mailroom and or R&D Department. A copy is requested of that specific one-page roster.
> **Response**: No documents responsive to this request are within defendant's possession, custody or control.

1

**Analysis and Ruling**:

Plaintiff argues that this information is relevant because an inmate appears on the roster when he is sending or receiving mail. While the documents may be relevant to Plaintiff's claim, Defendant cannot produce what she does not have.

> **Document Request No. 25**: All Complaints, Actions or Torts (administrative files) filed against USP Atwater Mailroom and Mailroom staff (in general).
> **Response**: Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, unlimited as to time, and not reasonably calculated to lead to the discovery of admissible evidence.
> **Document Request No. 26**: All Grievances (administrative files) filed against USP Atwater Mailroom and Mailroom staff (general): BP8, BP9, BP10, and BP11's.
> **Response**: Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, unlimited as to time, and not reasonably calculated to lead to the discovery of admissible evidence.

**Analysis and Ruling**:

Plaintiff argues that the documents requested are relevant because they will indicate whether similar complaints/grievances were made, against whom, and who else was aware of the complaints/grievances. Plaintiff has not shown that the requested documents are likely to lead to the discovery of admissible evidence. *See Valenzuela v. Smith*, 2006 U.S. Dist. LEXIS 6078, *5-6 (E.D. Cal. Feb. 15, 2006) (request for all complaints and investigations against defendants to prove a pattern of medical indifference denied as overbroad and burdensome and for failure to show likelihood of leading to discoverable evidence). The fact other complaints may have been made against Defendant is not relevant to the issue of whether Plaintiff's complaints in this case are justified. Fed. R. Evid. 404(a)(1).

> **Document Request No. 27**: Name and respective title or position of all persons trained to handle incoming and outgoing legal mail from September 12, 2006, to current date.
> **Response**: Defendant objects to this request on the grounds that it calls for a narrative response, not the production of documents or tangible things. Defendant further objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**Analysis and Ruling**:

Plaintiff argues that he was unable to specify dates because Defendant refused to participate in the discovery process.  However, it does not appear from Defendant's objection that she is disputing the specificity of the dates.  Plaintiff fails to explain the relevancy of the information.  Defendant's objection on relevancy and over breadth is well taken.

> **Document Request No. 29**: Name and contact information of the following USP Atwater--who are or were--employed BOP personnel likely to have personal knowledge related to Plaintiff's claims: 1) Dennis Smith; 2) Mr. Martinez; 3) Mr. Luke; 4) Mr. Capel; 5) Ms. Capel; 6) Mr. Bucio; 7) Mr. Fisher; B) Mr. Silva; 9) Ms. Orosco; 10) Mr. Reyes; 11) Ms. Spencer; 12) Ms. Gonzaga; 13) Mr. Liwag; 14) Mr. VanHorn; 15) Mr. Coggins; 16) Mr. Jesse Martinez.
> **Response**: Defendant objects to this request on the grounds that it calls for a narrative response, not production of documents or tangible things.

**Analysis and Ruling**:

Plaintiff argues that the documents are likely to lead to admissible evidence because the individuals listed likely have information regarding his claims.  However, Plaintiff's request is not for "documents"; it is a request for Defendant to provide detailed information.  Additionally, Plaintiff fails to explain why and how the requested information might be discoverable and why Defendant's objection is deficient and unjustified.

> **Document Request No.  30**: All information on how Electronic, Digital and/or Magnetic Data is saved, stored or retrieved for and from storage: Institution Video Surveillance and Inmate Telephonic Audio Recordings.
> **Response**: Defendant objects to this request on the grounds that it calls for a narrative response, not the production of documents or tangible things. Defendant further objects on the grounds that the request is overly broad, unduly burdensome, fails to describe items with reasonable particularity as required by Rule 34(b)(1)(A), and is not reasonably calculated to the lead to the discovery of admissible evidence. No claim surviving the Court's screening in this case relates to "Institution Video Surveillance" or "Inmate Telephonic Audio Recordings."

**Analysis and Ruling**:

Plaintiff contends that the documents will lead to discoverable information but fails to articulate why.   Defendant's objections are well taken, and Plaintiff makes no argument that they are deficient and unjustified.

**Document Request No. 34**: All e-mail information related to Plaintiff's regular mail, mail rejections or legal calls.

**Response**: Defendant objects to this request on the grounds that it is vague and ambiguous with respect to the phrase "all e-mail information." Defendants further object on the grounds that the request is overly broad, unduly burdensome, unlimited as to time, and not reasonably calculated to lead to the discovery of admissible evidence.

**Analysis and Ruling**:

Plaintiff contends the documents can be obtained by "implementing search features naming Plaintiff's full name and Federal Register Number."  Plaintiff's argument appears to be in response to Defendant's objection regarding the ambiguity of the phrase "all e-mail information."  However, Plaintiff has not indicated how the information is relevant, why the request is not overbroad and burdensome, or why the remainder of Defendant's objection is deficient and not justified.

**Document Request No. 40**: All the audio recordings of the hearings held during the month of April of 2005, under Case No. CR-05-00105-LRS; USA v. Raul S. Zavala, Before Magistrate Imbrogno or Judge Suko.

**Document Request No. 41**: Audio recordings of hearings held April 29, 2005, under Case No. CR-05-00105-LRS; USA v. Raul S. Zavala, Before Judge Magistrate Imbrogno or Judge Suko.

**Document Request No. 42**: Audio recordings of a hearing held on May 4, 2005, under Case No. CR-05-00105 LRS; USA v. Raul S. Zavala, Before Judge Magistrate Imbrogno or Judge Suko.

**Document Request No. 43**: Audio recordings of a hearing held on May18, 2005, under Case No. CR-05 00105-LRS; USA v. Raul S. Zavala, Before Judge Magistrate Imbrogno or Judge Suko.

**Document Request No. 44**: Audio recordings of a hearing held on May 26, 2005, under Case No. CR-05 00105-LRS; USA v. Raul S. Zavala, Before Judge Magistrate Imbrogno or Judge Suko.

**Document Request No. 45**: Audio recordings of a hearing held on November 7, 2005, under Case No. CR-05-00105-LRS; USA v. Raul S. Zavala, before the honorable Judge Suko.

**Document Request No. 46**: Audio recordings of a hearing held on November 8, 2005, under Case No. CR 05-00105-LRS; USA v. Raul S. Zavala, before the honorable Judge Suko.

**Document Request No. 47**: Audio recordings of a hearing held on December 12, 2005, under Case No. CR-05 00105 LRS; USA v. Raul S. Zavala, before the honorable Judge Suko.

**Document Request No. 48**: Audio recordings a hearing held on January 19, 2006, under Case No. CR-05-00105-LRS; USA v. Raul S. Zavala, before the honorable Judge Suko.

**Document Request No. 49**: Audio recordings the first day of trial held on January 23, 2006, under Case No. CR 05-00105-LRS; USA v. Raul S. Zavala, before honorable Judge Suko.

**Document Request No. 50**: Audio recordings of the second day of trial held on January 24, 2006, under Case No. CR-05 00105-LRS; USA v. Raul S. Zavala, before honorable Judge Suko.

**Document Request No.  51**: Audio recordings of the third day of trial held on January 25, 2006, under Case No. CR 05-00105 LRS; USA v. Raul S. Zavala, before honorable Judge Suko.

**Document Request No. 52**: The "shorthand notes" created by Court Reporter Topper Baker of Plaintiff's first, second and third day of trial held on January 23-25, 2006, under Case No. CR-05-00105-LRS; USA v. Raul S. Zavala, before honorable Judge Suko.

**Response to Request Nos. 40-52**: Defendant objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence relevant to the claim that survived the Court's screening orders. Subject to and without waiving such objection, defendant responds that no documents responsive to this request are within defendant's possession, custody or control.

**Analysis and Ruling**:

Plaintiff argues that Defendant's employer (the Department of Justice or BOP) has the documents and therefore they are within the possession, custody or control of Defendant.  However, Plaintiff has not indicated how the audio recordings or a court reporter's "shorthand notes" of a trial in an unrelated case are relevant to the instant action.  Defendant's objection is sustained.

**Document Request No. 54**: Provide Plaintiff for copy and inspection all evidence Defendant's intend to use at trial pursuant to Federal Rules of Civil Procedure Rule 26, et seq.

**Response**: Defendant has not yet identified "all evidence" that defendant intends to use at trial. Defendant may use at trial any or all of the documents produced herewith, in addition to any and all documents already filed as attachments to court documents in this action and such other documents as may be produced in further discovery.

**Analysis and Ruling**:

Plaintiff argues that Defendant Gonzaga has been uncooperative and that he has not been able to communicate with her regarding discovery matters.  Plaintiff fails to articulate how Defendant's response is deficient.  It appears to be responsive.

**Document Request No. 55**: Names and respective title or position of all persons, BOP Employees or non-BOP Employees authorized to pick up or receive mail

1

2

and legal mail, (mail that is authorized or not) at the post-office or any other post-office outside the USP Atwater institution or inside the USP Atwater institution.

3

4

**Document Request No. 56**: Names of all persons, BOP Employees or non-BOP Employees authorized to reject, deny, decline or refuse pick up of any authorized or non authorized regular mail and legal mail at the post-office or any other post-office outside the USP Atwater institution or inside the USP Atwater institution.

5

6

**Document Request No. 58**: Names and dates of all USP Atwater Mailroom employees that were hired, dates and reasons for termination, and their educational training at the time during the period of September 12, 2006, up until the time and month of July 2009.

7

8

9

10

**Response to Request Nos. 55, 56, and 58**: Defendant objects to this request on the grounds that it calls for a narrative response, not the production of documents or tangible things. Defendant further objects to this request on the grounds that it is overly broad, unlimited as to time, fails to describe items with reasonable particularity as required by Rule 34 (b)(1)(A), and is not reasonably calculated to lead to discovery of admissible evidence.

11

**Analysis and Ruling**:

12

Plaintiff argues that Defendant's employer (the Department of Justice or BOP)

13

has the documents and therefore they are within the possession, custody or control of

14

Defendant.  However, Plaintiff has not indicated how the requested information is

15

relevant, reasonably limited, or why Defendant's objections are deficient and not

16

justified.

17

**Document Request Nos. 8 & 43**:

18

Plaintiff also lists Request Nos. 8 and 43 in his motion.  However, Plaintiff fails to

19

meet his threshold burden of detailing why he believes Defendant's responses to these

20

two requests are deficient, why Defendant's objections are not justified, and why the

21

information he seeks through discovery is relevant to the prosecution of this action.

22

**C.     Plaintiff's First Set of Interrogatories**

23

A party may propound interrogatories "relat[ing] to any matter that may be

24

inquired into under Rule 26(b)."   Fed. R. Civ. P. 33(a)(2).   "An interrogatory is not

25

objectionable merely because it asks for an opinion or contention that relates to fact or

26

the application of law to fact. . ."  Fed. R. Civ. P. 33(a)(2).

27

The responding party is obligated to respond to the interrogatories to the fullest

28

extent possible.  *See* Fed. R. Civ. P. 33(b)(3).  Any objections "must be stated with

specificity." Fed. R. Civ. P. 33(b)(4). "The responding party shall use common sense and reason" in its responses; "hyper-technical, quibbling, or evasive objections will not be" viewed favorably by the Court. *Haney v. Saldana*, 2010 U.S. Dist. LEXIS 93447 at *9 (E.D. Cal. Aug. 24, 2010). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

Defendant Gonzaga argues that Plaintiff's motion to compel should be denied because his blanket request to compel answers to all of the interrogatories fails to meet his initial burden of articulating what responses he disputes and why they are inadequate. In Plaintiff's reply, he specifies which responses are in dispute and argues that the information requested will lead to discoverable evidence. He also argues that Defendant Gonzaga has not demonstrated that she attempted to acquire the requested information or that it is irrelevant to Plaintiff's claims.[1] The disputed interrogatories and the Court's ruling on each are as follows:

> **INTERROGATORY NO. 8**: Identify any and all documents related to any complaint, grievance, criticism, censure, reprimand or rebuke directed toward any United States Penitentiary Atwater Prison mailroom staff from September 12, 2006, through and including the date of your response.
> **Response**: Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence regarding the claim that survived the Court's screening. Subject to this objection, defendant responds that she is unable to identify any and all such documents. The majority of complaints from inmates or their family members about rejected items involved publications and photographs deemed inappropriate under the Correspondence policies. Plaintiff's own grievances to USP Atwater mailroom staff are already in plaintiff's possession.

> **Analysis and Ruling**:

> Plaintiff argues that he is not seeking complaints from other inmates' families and

---

[1] In Plaintiff's Affidavit in support of his motion, he contends that the information requested in Interrogatory Nos. 5 and 7 are also relevant to his case, but he fails to discuss in his motion or his reply that these two interrogatories are in dispute. He also fails to identify why Defendant's responses are deficient and not justified. Therefore, to the extent that these interrogatories are also the subject of his motion, his motion to compel a response is denied.

that the information will lead to discoverable evidence.  The Court finds the interrogatory to be grossly overbroad and to call for information not properly discoverable.  Plaintiff fails to explain how the information is relevant and why the request is not overly broad and unduly burdensome.  He also fails to dispute that the requested information is "inappropriate under the Correspondence policies."

> **INTERROGATORY NO. 22**: Identify any and all documents or complaints filed by inmates or outside persons or sources against the United States Penitentiary Atwater prison mailroom department or mailroom staff starting from September 12, 2006, until the date of your termination as a United States Penitentiary Atwater prison employee through and including the date of your response to this request.
>
> **Response**: Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence regarding the claim that survived the Court's screening. Subject to this objection defendant responds that she is unable to identify any and all such documents.  Plaintiff's own grievances to USP Atwater mailroom staff are already in plaintiff's possession.
>
> **INTERROGATORY NO. 23**: Identify any and all administrative remedies filed against United States prison mailroom department or mail room staff starting from September 12, 2006, until the date of your termination as a United States Penitentiary Atwater prison employee through and including the date of your response to this request.
>
> **Response**: Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence regarding the claim that survived the Court's screening. Subject to this objection, defendant responds that she is unable to identify any and all such documents. Plaintiff's own administrative remedies are already in plaintiff's possession, they are remedy number 459123 and remedy number 50639.

**Analysis and Ruling**:

Plaintiff misconstrues his burden in bringing a motion to compel.  He argues that Defendant Gonzaga failed to prove she attempted to obtain the information or how it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff – not Defendant – carries the initial burden of providing to the Court why Defendant's objection is deficient and not justified.  Plaintiff has not met this threshold burden for these two interrogatories.

**INTERROGATORY NO. 24**: Identify any and all persons who, to you or your attorney's knowledge, would know or have facts relevant to conduct described in these interrogatories.
**Response**: Defendant objects to this request on the grounds that it is vague, ambiguous and overbroad with respect to the phrase "would know or have facts relevant to the conduct these interrogatories." Subject to this objection, defendant responds that to the extent plaintiff's request refers to the processing of inmate mail at USP Atwater during the relevant time period, the persons identified in the Response to Interrogatory No. 1 would have knowledge regarding such facts.

**Analysis and Ruling**:

Plaintiff disregards Defendant Gonzaga's objection and argues that she failed to identify any persons in response to the request.  Plaintiff fails to meet his threshold burden to overrule Defendant's objection to this interrogatory.  Additionally, it appears from Defendant's response that she did identify the relevant persons to Plaintiff's request in her response to interrogatory no. 1.

**INTERROGATORY NO. 25**: Identify any and all of your trial defenses.
**Response**: Discovery is ongoing, dispositive motions and motion in limine have not yet been filed or ruled upon, and trial preparations are not complete. Accordingly, defendant has not and cannot yet identify each every defense that will be presented at trial. Subject to these limitations, defendant responds as follows: Bivens liability is premised on proof of direct personal responsibility. Defendant did not reject plaintiff's legal mail. Defendant did not violate plaintiff's rights under the Fifth Amendment. Plaintiff cannot demonstrate any causal connect between conduct of defendant and any deprivation of plaintiff's constitutional rights. Plaintiff cannot establish that he suffered damages as a proximate result of any conduct by defendant. Defendant also is entitled to qualified immunity from Plaintiff's claims.

**Analysis and Ruling**:

Plaintiff argues that discovery is not complete because Defendant is uncooperative and has failed to provide responses to his request.  Even if the Court accepts this as true, Plaintiff has not alleged why the requested information is relevant and discoverable, and how Defendant's response is incomplete, deficient, and unjustified.

**D.     Plaintiff's Request for Admissions, Set One**

"A party may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law

to fact, or opinions about either; and . . . the genuineness of any described documents."

Fed. R. Civ. P. 36(a)(1). "If a matter is not admitted, the answer must specifically deny it

or state in detail why the answering party cannot truthfully admit or deny it . . . The

answering party may assert lack of knowledge or information as a reason for failing to

admit or deny only if the party states that it has made reasonable inquiry and that the

information it knows or can readily obtain is insufficient to enable it to admit or deny."

Fed. R. Civ. P. 36(a)(4).

As an initial matter, Plaintiff filed his motion to compel answers to his requests for

admissions, set one on December 4, 2014 after the deadline for the close of discovery in

this case. (ECF Nos. 73 & 95.) Given Defendant does not object to the motion on

untimeliness grounds and Plaintiff is a *pro se* litigant, it will not be denied on these

grounds.

In Plaintiff's motion to compel, he listed only the numbers for the requests that he

objected to without providing further detail and argued that Defendant's requests were

unreasonable and that his requests would assist him in identifying the unknown

defendants. Defendant Gonzaga argues that Plaintiff failed to articulate meaningful

grounds for his motion, attach the requests to his motion, or meet the minimum

requirements for disputing discovery responses. In Plaintiff's reply, he lists the following

requests, responses, and arguments as to why his motion should be granted. The

Court's analysis and ruling on each is detailed below.

> **REQUEST NO. 9**: On October 10, 2007, at approximately 11:30, you were standing outside the USP Atwater food service kitchen during mainline.
> **Response**: Defendant lacks information sufficient to admit or deny the request.

**Analysis and Ruling**:

Plaintiff argues that the response is insufficient because Defendant Gonzaga

failed to explain why she cannot respond, why the information is not within her ability to

obtain, and what attempts were made to acquire the information.

While Defendant may fail to admit or deny a request for admission based on a lack of information, she must state that she "has made reasonable inquiry and that the information [she] knows or can readily obtain is insufficient to enable [her] to admit or deny." Fed. R. Civ. P. 36(a)(4). Defendant has failed to do so, and therefore Plaintiff's motion is granted as to this request. Defendant must amend her response in accordance with Fed. R. Civ. P. 36(a).

> **REQUEST NO. 14**: On October 10, 2007, at approximately 11:30 am you told Plaintiff Raul Sanchez Zavala that an "Authorization to Receive Package or Property" form was not necessary to receive mail from an attorney.
> **Response**: Admit that Defendant, during a conversation with Plaintiff at USP Atwater, explained to Plaintiff that if a package had the necessary markings, a package authorization was not necessary. Defendant lacks sufficient information to admit or deny that this conversation occurred at the referenced date and time.

**Analysis and Ruling**:

Plaintiff argues that the response is insufficient because Defendant Gonzaga failed to explain why she cannot respond, why the information is not within her ability to obtain, and what attempts were made to acquire the information.

Defendant has failed to indicate that she "made reasonable inquiry" to confirm the date and time of the conversation and that after such inquiry the information she knows or can readily obtain is still "insufficient to enable [her] to admit or deny." Fed. R. Civ. P. 36(a)(4). Plaintiff's motion is granted as to this request. Defendant must amend her response in accordance with Fed. R. Civ. P. 36(a).

> **REQUEST NO. 15**: During your time of employment at the United States Penitentiary Atwater prison, inmate complaints were filed against you for mishandling mail under Policy Statement 5800.10 or Code of Federal Regulations.
> **Response**: Defendant objects to the request on the grounds that it is not relevant to any claim or defense in this action. Admit that mail related inmate "cop-outs" are frequent.
> **REQUEST NO. 16**: During your time of employment at the United States Penitentiary Atwater prison, grievances were filed against you under Code Federal Regulations or Bureau of Prisons Policy Statement Violations.
> **Response**: Defendant objects to the request on the grounds that it is not relevant to any claim or defense in this action.

**Analysis and Ruling**:

Plaintiff argues that the information is relevant because it concerns inmate mail and relates to his due process claims.

While the request is limited to inmate complaints regarding mail, Plaintiff has not shown that the requested documents are likely to lead to the discovery of admissible evidence. *See Valenzuela v. Smith*, 2006 U.S. Dist. LEXIS 6078, *5-6 (E.D. Cal. Feb. 15, 2006) (request for all complaints and investigations against defendants to prove a pattern of medical indifference denied as overbroad and burdensome and for failure to show likelihood of leading to discoverable evidence).  Therefore, Defendant's objection is sustained.

**REQUEST NO. 19**: During your time of employment at United States Penitentiary Atwater prison, you did not have to give the inmate notice of any returned or rejected incoming inmate mail that was not in compliance with mail related Bureau of Prisons Policy Statement or Code of Federal of (sic) Regulations.
**Response**:  Defendant objects to the request on the grounds that it is unintelligible.

**Analysis and Ruling**:

Plaintiff clarifies that he is requesting whether Defendant was required to give notice to an inmate of any mail that was rejected due to policy or other federal regulatory reasons.

Plaintiff's request and clarification is reasonably intelligible.  Defendant shall provide a response in accordance with Fed. R. Civ. P. 36 or indicate a further objection.

**REQUEST NO. 31**: On October 10, 2007, at approximately 11:30 am you told Raul Sanchez Zavala that an "Authorization to Receive Package or Property" form was not necessary to receive mail from an attorney.  Plaintiff Zavala then requested that you return the "Authorization to Receive Package or Property" form, you refused to return the form to Plaintiff Zavala, then laughed at Plaintiff Zavala and stated that you were not going to return the form.
**Response**: Admit that Defendant, during a conversation with Plaintiff at USP Atwater, explained to Plaintiff that if a package had the necessary markings, a package authorization was not necessary. Defendant lacks sufficient information to admit or deny that this conversation occurred at the referenced date and time. As to the remainder of the request, deny.

**Analysis and Ruling**:

Plaintiff argues that the response is insufficient because Defendant Gonzaga failed to explain why she cannot respond, why the information is not within her ability to obtain, and what attempts were made to acquire the information.

Defendant has failed to indicate that she "made reasonable inquiry" to confirm the date and time of the conversation and that after such inquiry the information she knows or can readily obtain is still "insufficient to enable [her] to admit or deny."  Fed. R. Civ. P. 36(a)(4).  Defendant must amend her response with respect to the date and time of the conversation in accordance with Fed. R. Civ. P. 36(a).

**REQUEST NO. 46**: During your time of employment at United States Penitentiary Atwater prison through and including the date of your response to this request, 28 C.F.R. § 540.2 et seq., has been amended, edited or supplemented.
**Response**: Defendant lacks information sufficient to admit or deny.

**Analysis and Ruling**:

Plaintiff argues that the response is insufficient because Defendant Gonzaga failed to explain why she cannot respond, why the information is not within her ability to obtain, and what attempts were made to acquire the information.

While Defendant may fail to admit or deny a request for admission based on a lack of information, she must state that she "has made reasonable inquiry and that the information [she] knows or can readily obtain is insufficient to enable [her] to admit or deny."  Fed. R. Civ. P. 36(a)(4).  Defendant has failed to do so.  Defendant must amend her response in accordance with Fed. R. Civ. P. 36(a).

**REQUEST NO. 47**: At any time during your official capacities you have been accused of lying.
**Response**: Defendant objects to request on the grounds that it is not relevant to any claim or defense in this action.
**REQUEST NO. 96**: You have lied in the past.
**Response**: Defendant objects to the request on grounds that it is not relevant to any claim or defense in this action.

**Analysis and Ruling**:

Plaintiff argues the request is reasonable and goes to the credibility of Defendant.

1
2
3
4
5
6
7
8
9
10
11

Plaintiff's requests are overbroad and unduly burdensome.  They are not tailored to the

timeframe of his complaint or to Defendant Gonzaga's role as a mailroom supervisor.

Additionally, it is not likely to lead to the discovery of admissible evidence.  *See* Fed. R.

Evid. 404; *see also Valenzuela v. Smith*, 2006 U.S. Dist. LEXIS 6078, *5-6 (E.D. Cal.

Feb. 15, 2006) (request for all complaints and investigations against defendants to prove

a pattern of medical indifference denied as overbroad and burdensome and for failure to

show likelihood of leading to discoverable evidence).  Whether or not a party has been

accused of lying or has lied "in the past" is not relevant except as to show character, and

character evidence is not admissible to show behavior on the occasion at issue.  Fed. R.

Evid. 404.

12
13
14

> **REQUEST NO. 56**: During your time of employment at the United States
> Penitentiary Atwater prison, there was some type of video surveillance or any type
> of cameras at the post-office where you have picked up or rejected incoming or
> outgoing of any type of inmate mail.
> **Response**: Defendant lacks sufficient information to admit or deny the request.

15

**Analysis and Ruling**:

16
17
18

Plaintiff argues that the response is insufficient because Defendant Gonzaga

failed to explain why she cannot respond, why the information is not within her ability to

obtain, and what attempts were made to acquire the information.

19
20
21
22
23

While Defendant may fail to admit or deny a request for admission based on a

lack of information, she must state that she "has made reasonable inquiry and that the

information [she] knows or can readily obtain is insufficient to enable [her] to admit or

deny." Fed. R. Civ. P. 36(a)(4).  Defendant has failed to do so.  Defendant must amend

her response in accordance with Fed. R. Civ. P. 36(a).

24
25
26
27

> **REQUEST NO. 70**: On October 10, 2007, at approximately 11:30 am, Ms.
> Fuentes was standing within a few feet from you during mainline hours at the
> United States Penitentiary Atwater prison inmate food.service area.
> **REQUEST NO. 71**: On October 10, 2007, at approximately 11:30 am, the Warden
> was standing within a few feet from you during mainline hours at the United
> States Penitentiary Atwater prison inmate food service area.

28

**Response to Request Nos. 70-71**: Defendant lacks knowledge or information sufficient to admit or deny the request.

**Analysis and Ruling**:

Plaintiff argues that the responses are insufficient because Defendant Gonzaga failed to explain why she cannot respond, why the information is not within her ability to obtain, and what attempts were made to acquire the information.

Defendant fails to state she "has made reasonable inquiry and that the information [she] knows or can readily obtain is insufficient to enable [her] to admit or deny." Fed. R. Civ. P. 36(a)(4). Defendant must amend her responses in accordance with Fed. R. Civ. P. 36(a).

**REQUEST NO. 74**: All Bureau of Prisons Inmate Telephone System telephonic records are permanently stored in any format.
**Response**: Defendant lacks information sufficient to admit or deny the request.

**Analysis and Ruling**:

Plaintiff argues that the responses are insufficient because Defendant Gonzaga failed to explain why she cannot respond, why the information is not within her ability to obtain, and what attempts were made to acquire the information.

Defendant fails to state she "has made reasonable inquiry and that the information [she] knows or can readily obtain is insufficient to enable [her] to admit or deny." Fed. R. Civ. P. 36(a)(4). Defendant must amend her responses in accordance with Fed. R. Civ. P. 36(a).

**REQUEST NO. 67**: You have never had a polygraph test conducted on you.
**REQUEST NO. 79**: You have been asked to take a polygraph test.
**Response to Request Nos. 67 & 79**: Defendant objects to the request on grounds that it is not relevant to any claim or defense in this action.
**REQUEST NO. 100**: You look forward in taking a polygraph test related only to matters surrounding this civil action.
**Response**: Defendant objects to this request on the ground that it is unintelligible.

**Analysis and Ruling**:

Plaintiff argues the request is reasonable and goes to the credibility of Defendant.

Defendant's objection as to relevance is sustained.  While the requests are reasonably intelligible, Plaintiff has not articulated how the information is relevant or that it will likely lead to admissible evidence.

> **REQUEST NO. 68**: During your time of employment at the United States Penitentiary Atwater prison, you did not have to request for permission to reject any kind of inmate mail from the post-office or from any place outside the United States Penitentiary Atwater prison where mail was picked up by you or any BOP Official.
> **Response**: Defendant objects to this request on grounds that it is unintelligible. Deny that Defendant personally rejected inmate mail while at USP Atwater.
> **REQUEST NO. 57**: During your time at the United States Penitentiary Atwater prison, you always requested for permission to reject any kind of inmate mail from inside the United States Penitentiary prison.
> **Response**: Defendant objects to this request on grounds that it is unintelligible.
> **REQUEST NO. 93**: During your time of employment at the United States Penitentiary Atwater prison, you requested for permission to reject any kind of inmate mail from inside United States Penitentiary prison.
> **Response**: Defendant objects to this request on grounds that it is unintelligible.

> **Analysis and Ruling**:

Plaintiff contends that the objections are unreasonable because the request seeks to know whether Defendant had to request permission prior to rejecting inmate mail.

Plaintiff's request and clarification is reasonably intelligible.  Defendant shall provide a response in accordance with Fed. R. Civ. P. 36 or indicate a further objection.

> **REQUEST NO. 94**: During your time of employment at the United States Penitentiary Atwater prison, you have communicated with any United States Attorney or their assistants.
> **REQUEST NO. 95**: During your time of employment at the United States Penitentiary Atwater prison, you have communicated with any United States Attorney or their assistant concerning mail from any inmate at the United States Penitentiary Atwater prison.
> **Response to Request Nos. 94 & 95**:  Defendant objects to the request on grounds that it is not relevant to any claim or defense in this action.

**Analysis and Ruling**:

Plaintiff's conclusory statement that communication with the U.S. Attorney is relevant to his inmate mail claims is unsupported by any facts or explanation as to how or why such communication would be relevant.  Defendant's objection is sustained.

> **REQUEST NO. 105**: The Department of Justice has access to United States Penitentiary Atwater prison institution surveillance.
> **REQUEST NO. 106**: The Bureau of Prisons has access to the United States Penitentiary Atwater prison institution video surveillance.
> **REQUEST NO. 107**: You, your supervisors, or your employers have access to the United States Penitentiary Atwater prison institution video surveillance.
> **Response to Request Nos. 105-107**: Defendant objects to the request on the grounds that it is not relevant to any claim or defense in this action.  Without waiving this objection, defendant responds she lacks sufficient information to admit or deny the request.

**Analysis and Ruling**:

Plaintiff argues that the surveillance video is material evidence to his claim and that he has attested to its relevancy in an affidavit.  Additionally, he argues Defendant's response is insufficient because she failed to explain why she cannot respond, why the information is not within her ability to obtain, and what attempts were made to acquire the information.

Plaintiff has not filed an affidavit with this motion.  Therefore, it is unclear from Plaintiff's response how any of the requested entities' or individuals' access to the prison's video surveillance is relevant to his claims regarding inmate mail.  Defendant's objection is sustained.

> **REQUEST NO. 108**: You, your supervisors, or your employers have access to the United States Penitentiary Atwater prison institution Inmate Telephone audio recordings for Plaintiff's outgoing USP Atwater telephone calls for the months of September and October of 2006.
> **Response**: Defendant objects to the request on the grounds that it is not relevant to any claim or defense in this action.
> **REQUEST NO. 109**: Plaintiff Zavala's Inmate Telephone audio recordings for Plaintiff's outgoing USP Atwater telephone call for the months of September and October of 2006 exist and are stored in any format.

**Response**: Defendant objects to the request on the grounds that it is not relevant to any claim or defense in this action. Without waiving this objection, defendant responds that she lacks sufficient information to admit or deny the request.

**Analysis and Ruling**:

Plaintiff argues that the telephone recordings are material evidence to his claim and that he has attested to its relevancy in an affidavit.  Additionally, he argues Defendant's response is insufficient because she failed to explain why she cannot respond, why the information is not within her ability to obtain, and what attempts were made to acquire the information.

As noted above, Plaintiff has not filed an affidavit with this motion.  It is unclear from Plaintiff's response or the allegations of his Seventh Amended Complaint how the mere existence of recordings of his phone calls and Defendant's access to them are relevant to his due process claims regarding inmate mail.  Defendant's objection is sustained.

**REQUEST NO. 117**: Exhibit D, are copies of the original if not the actual original documents.
**REQUEST NO. 118**: Exhibit E, are copies of the original if not the actual original documents.
**REQUEST NO. 119**: Exhibit F, are copies of the original if not the actual original documents.
**REQUEST NO. 120**: Exhibit G, are copies of the original if not the actual original documents.
**REQUEST NO. 122**: Exhibit I, are copies of the original if not the actual original documents.
**REQUEST NO. 125**: Exhibit L, are copies of the original if not the actual original documents.
**REQUEST NO. 126**: Exhibit M, are copies of the original if not the actual original documents.
**REQUEST NO. 127**: Exhibit N, are copies of the original if not the actual original documents.
**REQUEST NO. 128**: Exhibit O, are copies of the original if not the actual original documents.
**REQUEST NO. 129**: Exhibit P, are copies of the original if not the actual original documents.
**REQUEST NO. 146**: Exhibit GG, are copies of the original if not the actual original documents.
**REQUEST NO. 147**: Exhibit HH, are copies of the original if not the actual original documents.

**REQUEST NO. 150**: Exhibit KK, are copies of the original if not the actual original documents.

**REQUEST NO. 151**: Exhibit LL, are copies of the original if not the actual original documents.

**REQUEST NO. 152**: Exhibit MM, are copies of the original if not the actual original documents.

**REQUEST NO. 153**: Exhibit NN, are copies of the original if not the actual original documents.

**REQUEST NO. 154**: Exhibit OO, are copies of the original if not the actual original documents.

**REQUEST NO. 163**: Exhibit XX, are copies of the original if not the actual original documents.

**Response to Request Nos. 117-120, 122, 125-129, 146-47, 150-54, & 163**: Defendant lacks information sufficient to admit or deny request.

**Analysis and Ruling**:

Plaintiff argues Defendant's response is insufficient because she failed to explain why she cannot respond, why the information is not within her ability to obtain, and what attempts were made to acquire the information.

Plaintiff may properly seek for defendant to admit or deny "the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). While Defendant may fail to admit or deny a request for admission based on a lack of information, she must state that she "has made reasonable inquiry and that the information [she] knows or can readily obtain is insufficient to enable [her] to admit or deny." Fed. R. Civ. P. 36(a)(4). Defendant has failed to do so. Defendant must amend her response in accordance with Fed. R. Civ. P. 36(a).

## IV.   MOTIONS TO SERVE ADDITIONAL DISCOVERY, TAKE DEPOSITIONS, AND EXTEND THE DISCOVERY TIMEFRAME

Plaintiff seeks leave to serve thirty-six additional requests for admission and ten additional interrogatories on Defendant Gonzaga and leave to take the written deposition of Defendant Gonzaga, USP Atwater Mailroom Officials Marc Fisher, Robert Martinez, Derrick Capel, Joshua Lopez, Michael Bucio, and Ray Luke, his former appellate counsel Karen Lindholdt, and his former trial counsel Frank Cikutovich. Plaintiff argues that he did not learn until October 24, 2014 in Defendant's response to his

interrogatories the names of the six individuals who could potentially be Defendants A and B.  Additionally, he did not learn until November 20, 2014 information regarding new claims against Defendant Gonzaga and her credibility.   Plaintiff contends that he diligently filed these requests on November 26, 2014 and December 2, 2014.

Defendant Gonzaga argues that Plaintiff has not demonstrated good cause or exercised diligence in completing discovery.  Plaintiff waited over three months from the Court's scheduling order before serving discovery on Defendant.  Further, Plaintiff has not explained how he has been diligent or the substance and necessity of the additional discovery.

Federal Rule of Civil Procedure 16(b)(4) allows the Court to modify its scheduling order for good cause.  The "good cause" standard focuses primarily on the diligence of the party seeking the amendment.  *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992).  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Id.*  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."  *Id.* The Court has wide discretion to extend time, *Jenkins v. Commonwealth Land Title Ins. Co.,* 95 F.3d 791, 795 (9th Cir. 1996), provided a party demonstrate some justification for the issuance of the enlargement order.  Fed. R. Civ. P. 6(b)(1); *Ginett v. Fed. Express Corp.,* 166 F.3d 1213 at 5* (6th Cir. 1998).

Plaintiff has not identified what new claims or issues need to be explored against Defendant Gonzaga or why taking her written deposition is necessary.  Likewise, he has not provided any reason to take the depositions of his previous trial and appellate counsel.  Therefore, Plaintiff has not shown good cause for an extension of time to depose any of these individuals.

On the other hand, Plaintiff's written depositions of the named USP Atwater mailroom officials may assist him in identifying Defendants A and B.  Plaintiff has also

shown reasonable diligence in requesting the information.  According to Plaintiff, he did not learn of the new information regarding potential identities of Defendants A and B until October 24, 2014.  Plaintiff states that he attempted to contact Defendant Gonzaga numerous times at the end of October and in November 2014 regarding his requests with no response.  Additionally, the Court did not rule on Plaintiff's first request for extension of the discovery deadline, which was unopposed by Defendant Gonzaga, until October 30, 2014.  The Court denied the motion without prejudice because Plaintiff did not explain why discovery should be extended.  For all these reasons, Plaintiff will be granted **30 days** from the date of this order to complete written depositions of USP Atwater Mailroom Officials Marc Fisher, Robert Martinez, Derrick Capel, Joshua Lopez, Michael Bucio, and Ray Luke.  Plaintiff will be limited to asking each of these named individuals **fifteen questions without subparts**.

In light of the Court's ruling on the written depositions of the mailroom officials, Plaintiff's request to serve additional interrogatories and requests for admissions on Defendant Gonzaga regarding these officials would be cumulative and is therefore denied.  To the extent that any of Plaintiff's proposed additional interrogatories and requests for admissions go to his claims against Defendant Gonzaga, he has not articulated why the information could not have been requested and obtained by the initial discovery deadline of November 30, 2014.  Additionally, the proposed interrogatories and requests, appear to be duplicative of those already propounded on Defendant Gonzaga.  Therefore, Plaintiff's motions to propound these additional interrogatories and requests on Defendant Gonzaga are denied.  (ECF Nos. 85, 86, & 93.)

## V.    MOTION FOR JUDGMENT

Plaintiff cites to Fed. R. Civ. P. 56(a) and argues that he is entitled to "judgment on the pleadings" as to one of his claims against Defendant Gonzaga based on his affidavits, documents, and other evidence.  Defendant Gonzaga argues that Plaintiff appears to be confusing a partial motion for summary judgment under Fed. R. Civ. P.

56(a) with a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) and that Plaintiff has failed to provide any evidence or materials to support his request.

Plaintiff has not articulated any evidence or facts to support his motion.  If Plaintiff wishes to file a motion for summary judgment, he must demonstrate "that there is no genuine dispute as to any material fact" and that he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  He should follow the procedures outlined in Fed. R. Civ. P. 56 to support his motion.   Plaintiff's motion for judgment (ECF No. 116.) is denied without prejudice.

## VI.   RULE 54(b) MOTION

It appears that Plaintiff is seeking reconsideration of this Court's order finding only his Fifth Amendment claim against Defendants Gonzaga, A, and B cognizable.  (ECF No. 71.)   Plaintiff previously filed objections to this Court's order and a motion for reconsideration, both of which were previously denied.  (ECF Nos. 75 & 79.)   Plaintiff has provided no basis for granting a motion for reconsideration.   It remains the conclusion of the Court that Plaintiff has not stated claims against Defendants Capel or Silva or stated a cognizable claim under the Federal Tort Claims Act.

## VII.   ORDER

Accordingly, for the reasons stated, it is HEREBY ORDERED that:

1.   Plaintiff's second motion for a 45-day extension to amend; motion for leave to amend; motion for leave to add claims against Defendant Gonzaga; and motion for leave to relate back are DENIED (ECF Nos. 81, 114, 115, & 119);

2.   Plaintiff's motions to compel production of documents and answers to first set of interrogatories are DENIED (ECF Nos. 82 & 83.);

3.   Plaintiff's motion to compel answers to request for admissions, set one is DENIED, in part, and GRANTED, in part.   (ECF No. 95.) Defendant is to provide further responses to request nos. 9, 14, 19,

31, 46, 56, 57, 68, 70, 71, 74, 93, 117-120, 122, 125-129, 146-47, 150-54, & 163.   The Discovery deadline is extended **thirty (30) days** from the date of this order to allow Defendant to do so.

4.   Plaintiff's motions to serve additional interrogatories and requests for admission are DENIED (ECF Nos. 85 & 86.);

5.   Plaintiff's motion to take written depositions, motion to extend the discovery cut-off date, and motion for leave to conduct additional discovery and add defendants are DENIED, in part, and GRANTED, in part.   (ECF No. 84, 93, & 118.)   Plaintiff may take written depositions of USP Atwater Mailroom Officials Marc Fisher, Robert Martinez, Derrick Capel, Joshua Lopez, Michael Bucio, and Ray Luke.   He is limited to **fifteen (15) questions without subparts**. The discovery deadline is extended for **thirty (30) days** from the date of this order to allow Plaintiff to complete these depositions.

6.   Plaintiff's Rule 54(b) motion is DENIED (ECF No. 113); and

7.   Plaintiff's Rule 56(a) motion is DENIED without prejudice.   (ECF No. 116).

IT IS SO ORDERED.

Dated:   March 16, 2015                    /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE

30