UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL SANCHEZ ZAVALA,<br><br>    Plaintiff,<br><br>    v.<br><br>HECTOR RIOS, et al.,<br><br>    Defendants. | CASE NO. 1:09-cv-00679-MJS (PC)<br><br>**ORDER (1) DENYING REQUEST FOR APPOINTMENT OF COURT OFFICER (ECF No. 127); (2) DENYING REQUEST FOR STAY OR EXTENSION OF TIME TO CONDUCT WRITTEN DEPOSITIONS (ECF No. 128); AND (3) DENYING REQUEST FOR STAY OR EXTENSION OF TIME TO OPPOSE MOTION FOR SUMMARY JUDGMENT (ECF No. 129)** |

**I.    PROCEDURAL HISTORY**

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and 28 U.S.C. § 1331. The action proceeds against Defendant Gonzaga, and against Doe Defendants A and B.

On February 9, 2015, Defendant Gonzaga filed a motion for summary judgment. (ECF No. 117.) On March 17, 2015, the Court addressed several of Plaintiff's pending motions and granted him thirty days to take written depositions to attempt to identify Defendants A and B. (ECF No. 122.) Thereafter, on March 19, 2015, the Court granted Plaintiff an additional sixty days to file his opposition to the motion for summary judgment. (ECF No. 124.) On April 14, 2015, the Court granted Plaintiff an additional

1  thirty days to complete the written depositions, and noted that no further extensions of
2  time would be granted. (ECF No. 126.)
3        On May 7, 2015, Plaintiff filed a motion for appointment of a court officer to take
4  written depositions. (ECF No. 127.) On the same date, Plaintiff filed a motion to stay
5  discovery proceedings or, in the alternative, for an extension of time for Plaintiff to take
6  written depositions. (ECF No. 128.) On May 18, 2015, Plaintiff requested an extension of
7  time and a stay of the proceedings on Defendants' motion for summary judgment. (ECF
8  No. 129.) Plaintiff simultaneously filed his opposition to Defendants' motion for summary
9  judgment. (ECF No. 130.) Defendants filed no opposition to Plaintiff's motions. They are
10 deemed submitted. Local Rule 230(*l*).

11 **II.   MOTION FOR APPOINTMENT OF COURT OFFICER**

12       Plaintiff cites no statutory authority that would permit the Court to order that
13 written depositions be taken at public expense, and the Court finds none. See Tedder v.
14 Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) ("[T]he expenditure of public funds [on behalf
15 of an indigent litigant] is proper only when authorized by Congress. . . ." (quoting United
16 States v. MacCollom, 426 U.S. 317, 321 (1976))).  Accordingly, Plaintiff's request that a
17 court officer or other person be appointed to take written depositions on his behalf (ECF
18 No. 127) must be denied.

19 **III.  EXTENSION OF TIME TO TAKE WRITTEN DEPOSITIONS**

20       Plaintiff states that he submitted the permitted written question to USP Atwater
21 mailroom employees on April 10, 2015. (ECF No. 129.) However, he also complains that
22 his efforts to submit written questions were hindered by his institution because he did not
23 receive the Court's order granting him an extension of time to submit such questions
24 until April 17, 2015. (ECF No. 128.) Thus, it appears Plaintiff submitted the written
25 questions before he received the Court's order, and therefore was not prejudiced by any
26 delay on the part of mailroom staff. Accordingly, the delay does not support his request
27 for an extension of time. It is apparent that Plaintiff submitted his written questions well
28 within the time afforded by the Court's orders.

Additionally, Plaintiff previously was informed that no further extensions of time would be permitted. Plaintiff's indigence and pro se status are unchanged from the Court's prior orders, and do not provided a basis for a further extension of time in light of the Court's prior admonition.

Accordingly, Plaintiff's motion for extension of time to conduct written depositions (ECF No. 128) will be denied.

## IV.     EXTENSION OF TIME TO OPPOSE MOTION FOR SUMMARY JUDGMENT

Plaintiff simultaneously submitted his opposition to the motion for summary judgment, as well as a request for a stay of further proceedings on the motion for summary judgment or, in the alternative, for an extension of time. His motion is based on his pro se status, difficulties with institutional mail, and the need to receive responses to his written deposition questions.

Federal Rule of Civil Procedure 56(d) permits the Court to delay consideration of a motion for summary judgment to allow parties to obtain discovery to oppose the motion. When a motion for summary judgment is filed "before a party has had any realistic opportunity to pursue discovery relating to its theory of the case," a Rule 56(d) motion should be freely granted. Burlington N. Santa Fe R.R. Co. v. Assiniboine and Sioux Tribes of the Fort Peck Reservation, 323 F.3d 767, 773 (9th Cir. 2003).

A party asserting that discovery is necessary to oppose a motion for summary judgment "shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary." Local Rule 260(b). However, where "no discovery whatsoever has taken place, the party making a Rule 56[(d)] motion cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid." Burlington N., 323 F.3d at 774. "The Courts which have denied a Rule 56[(d)] application for lack of sufficient showing to support further discovery appear to have done so where it was clear that the evidence sought was almost certainly nonexistent or

was the object of pure speculation." <u>VISA Int'l. Serv. Ass'n v. Bankcard Holders of Am.</u>, 784 F.2d 1472, 1475 (9th Cir. 1986) (citation omitted).

Plaintiff's request does not meet this standard. He makes no particularized showing that the information sought through written questions is necessary to oppose the motion for summary judgment. The motion for summary judgment addresses only the conduct of Defendant Gonzaga. Plaintiff does not explain how the responses to written deposition questions, which were intended to identify Doe Defendants, are necessary to his ability to successfully prosecute his claims against Defendant Gonzaga.

Additionally, Plaintiff has filed an opposition to the motion for summary judgment, and has not specified how that response was deficient in light of his apparent lack of responses to the written deposition questions. Accordingly, the request for a stay of the summary judgment proceedings or extension of time to respond appears to be moot.

Accordingly, the motion will be denied. (ECF No. 129.)

## V.   CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for appointment of a court officer (ECF No. 127) is DENIED;
2. Plaintiff's motion for a discovery stay or, in the alternative, an extension of time to conduct written depositions (ECF No. 128) is DENIED;
3. Plaintiff's motion for a stay of proceedings on the motion for summary judgment or, in the alternative, an extension of time to respond (ECF No. 129), is DENIED.

IT IS SO ORDERED.

Dated:   June 8, 2015               /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE