UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL SANCHEZ ZAVALA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HECTOR RIOS, et al.,<br><br>　　　　　Defendants. | Case No.  1:09-CV-00679-MJS (PC)<br><br>ORDER GRANTING DEFENDANT GONZAGA'S MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 117.) |

**I.　PROCEDURAL HISTORY**

Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331.  The action proceeds on a Fifth Amendment due process claim against Defendant Gonzaga and Doe Defendants.

Before the Court is Defendant Gonzaga's motion for summary judgment.  (ECF No. 117.)  Plaintiff filed an opposition.  (ECF No. 130.)  Defendant Gonzaga has not replied and the time to do so has passed.  This matter is deemed submitted.  Local Rule 230(*l*).

**II.　LEGAL STANDARD – MOTION FOR SUMMARY JUDGMENT**

Any party may move for summary judgment, and "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed R. Civ. P. 56(c)(1).

"Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). If the burden of proof at trial rests with the nonmoving party, then the moving party need only point to "an absence of evidence to support the nonmoving party's case." *Id.* Once the moving party has met its burden, the nonmoving party must point to "specific facts showing that there is a genuine issue for trial." *Id.* (*quoting Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986)).

In evaluating the evidence, "the [C]ourt does not make credibility determinations or weigh conflicting evidence," and "it draws all inferences in the light most favorable to the nonmoving party." *Id.*

## III. PLAINTIFF'S CLAIMS

Plaintiff complains in his Seventh Amended Complaint that his legal mail was rejected by prison staff during 2006 and 2008. Defendant Gonzaga, a mail room supervisor, informed Plaintiff there was no record of his mail having been rejected by the prison, but that packages weighing more than sixteen ounces required proper authorization for acceptance by the prison mail system. In 2007, Defendant Gonzaga told Plaintiff that no authorization form was required for legal mail regardless of weight.

## IV.     FACTUAL BACKGROUND

Between 2006 and 2008, Defendant Gonzaga was the supervisor of the mail room, inmate receiving and discharge, and inmate records office at USP Atwater.

Plaintiff is a prisoner at USP Atwater. In late 2006, a package sent to Plaintiff by his appellate counsel was rejected and returned because its weight exceeded prison standards. In 2008, a package sent to Plaintiff by his trial counsel was rejected and returned with a notation that "Receiver Did Not Want" and "Package Authorization Not on File." Plaintiff did not receive prior notice of these rejections.

Plaintiff submitted numerous complaints to prison staff regarding his mail. On March 8, 2007, Plaintiff submitted an inmate complaint to Defendant Gonzaga inquiring as to whether he had had any mail rejected, and if so, when, why, and by whom. Plaintiff received the following response:

> Inmate Zavala I see no rejection in the month of February or March. Any time we reject something you will get a copy in the mail bag. If you had legal documents sent in you would have gotten them if they were under 16 oz. If they are over 16 oz you need to have a package authorization on file or it would have been returned to sender at the post office. We do not have to provide you with any notice if we do this. It is your responsibility to get with your unit team and have a package authorization on file with us if the package is over 16 oz.

(ECF No. 130 at 111.) Defendant avers that she did not "prepare, review, or approve" this response, that the signature on it is not hers, and that prison policy did not require a prior authorization form for properly marked legal mail. (ECF No. 117-4 at 3.) On appeal, Plaintiff received responses indicating that if mail did not comport with prison policy regarding its packaging, weight, and markings, it would be refused at the post office and returned to the sender. Prison policy did not require notice to be given in such circumstances.

3

According to Defendant Gonzaga, she did not travel to the U.S. Post Office in Atwater to process inmate mail or personally reject Plaintiff's or any other inmate's mail between 2006 and 2008.

Plaintiff submitted a declaration from a fellow inmate to the effect that in 2006 and 2008, when Defendant Gonzaga was the supervisor of the mail room, inmates were not receiving notice of rejection of their mail. Prior to and after this time period, they did receive said notice.

Plaintiff avers that he spoke with USP Atwater mail room employee Marc Fischer who stated that he was not required to provide notice of rejection when he rejected inmate mail during the years 2006 to 2008, but that he is now required to keep track of the name and address on the package and notify the inmate of the rejection.

## V. DISCUSSION

### A. Due Process

#### 1. Legal Standard

There is a liberty interest in communication by mail that is protected by the Due Process Clause. *Procunier v. Martinez*, 416 U.S. 396, 418 (1974), overruled on other grounds by *Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989); *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). Withholding delivery of an inmate's mail "must be accompanied by the minimum procedural safeguards." *Procunier*, 416 U.S. at 417-18. Specifically, an inmate has a due process liberty interest in receiving notice that his incoming mail is being withheld. *Prison Legal News v. Lehman*, 397 F.3d 692, 701 (9th Cir. 2005); *Sorrels v. McKee*, 290 F.3d 965, 972 (9th Cir. 2002). Only where the failure to notify is pursuant to prison policy would a due process claim arise. *Sorrels*, 290 F.3d at 972.

#### 2. Parties' Arguments

Defendant Gonzaga argues that Plaintiff has not presented any competent evidence that she rejected his mail. As a supervisor, she cannot be held liable for the

4

actions of her supervisees in the mail room who may have rejected mail.

Plaintiff contends that Defendant Gonzaga did not need to be physically present when his mail was rejected in order to be held liable for its improper rejection. He has presented evidence that between 2006 and 2008, when Defendant was the mail room supervisor, inmates were not given notice of mail rejections. Additionally, Defendant refused an "authorization to receive package" form from Plaintiff on the grounds it was unnecessary. Yet, when Plaintiff's trial attorney attempted to mail him documents in February 2008, they were returned as "Receiver Did Not Want" and "Package Authorization Not on File."

### 3.     Analysis

Plaintiff has not presented evidence that Defendant Gonzaga personally rejected his mail without providing him notice. However, he has raised a genuine issue of material fact as to whether Defendant Gonzaga knew or directed her supervisees to deny notice to inmates when their mail was rejected at the prison post office.

The response to Plaintiff's complaint (directed to Gonzaga) about rejection of his mail states that inmates would not receive notice if their unopened packages were returned to sender due to noncompliance with prison regulations. Defendant Gonzaga states that it is not her signature on the form, and she did not review or approve the response. Plaintiff also submits an inmate declaration stating that mail was rejected without notice during Defendant Gonzaga's tenure as supervisor of the mail room. Plaintiff also contends mail room employee Mr. Fischer stated the same. Defendant Gonzaga did not file a response disputing or objecting to either piece of evidence.

Plaintiff has presented some evidence, albeit circumstantial, that Defendant Gonzaga did in fact direct rejection of his mail without notice to him -- a practice which, according to the evidence, only occurred on her watch. Defendant denies same. This creates a factual dispute based upon a credibility dispute. Such disputes cannot be resolved on summary judgment. *Soremekun*, 509 F.3d at 984.

5

Therefore, Defendant's motion for summary judgment on the ground that there is no evidence she directed or authorized improper mail room practices must be DENIED.

### B.     Qualified Immunity

Defendant Gonzaga argues that even if otherwise exposed to liability she should be granted qualified immunity.  Plaintiff argues that Defendant is not immune because she violated Plaintiff's clearly established constitutional right to receive notice of rejection of his mail.  In arguing that his due process right to notice is clearly established, Plaintiff cites to *Procunier v. Martinez*, 416 U.S. 396, 418 (1974), *Sorrels v. McKee*, 290 F.3d 965, 972 (9th Cir. 2002), and *Bonner v. Outlaw*, 552 F.3d 673, 676 (8th Cir. 2009).

Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In ruling upon the issue of qualified immunity, one inquiry is whether, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the [defendant's] conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001), overruled in part by *Pearson v. Callahan*, 555 U.S. 223 (2009) ("*Saucier* procedure should not be regarded as an inflexible requirement").  The other inquiry is "whether the right was clearly established." *Id.*  The inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition . . . ." *Id.*  "[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* at 202 (citation omitted).  In resolving these issues, the Court must view the evidence in the light most favorable to Plaintiff and resolve all material factual disputes in favor of Plaintiff. *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003).  Qualified immunity protects "all but the plainly incompetent or those who

knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Plaintiff alleges that Defendant Gonzaga violated his constitutional rights by allowing and/or ordering her supervisees to reject his unopened mail at the post office without providing him notice. Plaintiff contends that his right to notice was clearly established in *Procunier*, 416 U.S. at 418, *Sorrels*, 290 F.3d at 972, and *Bonner*, 552 F.3d at 676. However, these cases address due process rights of inmates whose mail is censored or withheld based on its contents, not the situation here where mail is rejected and returned *unopened* due to alleged defects in the packaging.

The Court has not found any case supporting Plaintiff's position that inmates are entitled to notice when *unopened* mail has been rejected and returned to the sender because it failed to comply with prison regulations for markings on the package. The Court has found cases to the contrary. *See Sikorski v. Whorton*, 631 F. Supp. 2d 1327, 1344-50 (D. Nev. 2009) (finding that right to "notice and an opportunity to appeal before or after mail is returned unopened due to defects on the envelope" was not clearly established); *see also Starr v. Knierman*, 2011 U.S. Dist. LEXIS 74039, *16-22 (D.N.H. June 21, 2011) (finding no due process violation for returning unopened inmate mail to sender detailing the reason for the return without prior notice to the inmate).

Therefore, Defendant Gonzaga would in any event be entitled to qualified immunity, and her motion for summary judgment will be GRANTED on that basis.

## VII.   CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that Defendant's motion for summary judgment is GRANTED.

IT IS SO ORDERED.

Dated:   August 27, 2015                       /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE