UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL SANCHEZ ZAVALA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HECTOR RIOS, et al.,<br><br>　　　　Defendants. | Case No. 1:09-CV-00679-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER DIRECTING NON-PARTIES' RESPONSE<br><br>(ECF No. 132.)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 137.)<br><br>CLERK TO TERMINATE ALL PENDING MOTIONS AND CLOSE CASE |

**I.  PROCEDURAL HISTORY**

Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331.  The action proceeds on a Fifth Amendment due process claim against Doe Defendants A and B.  On August 31, 2015, the Court granted Defendant Gonzaga's motion for summary judgment.  (ECF No. 135.)

Before the Court is Plaintiff's motion for an order directing non-parties to respond to his interrogatories (ECF No. 132), and Plaintiff's motion for reconsideration (ECF No. 137).  Defendant Gonzaga opposed the motions.  (ECF Nos. 133 & 139.)  Plaintiff replied to the motion regarding non-parties.  (ECF No. 138.)  The matters are deemed submitted.  Local Rule 230(*l*).

**II.  MOTION FOR AN ORDER DIRECTING NON-PARTIES TO RESPOND**

On March 17, 2015, the Court addressed several of Plaintiff's pending motions

and granted him thirty days to take written depositions to attempt to identify Defendants A and B.  (ECF No. 122.)  On April 14, 2015, the Court granted Plaintiff an additional thirty days to complete the written depositions, and noted that no further extensions of time would be granted.  (ECF No. 126.)  On May 7, 2015, Plaintiff filed a motion for appointment of a court officer to take written depositions.  (ECF No. 127.)  On the same date, Plaintiff filed a motion to stay discovery proceedings or, in the alternative, for an extension of time for Plaintiff to take written depositions.  (ECF No. 128.)  On June 8, 2015, the Court denied these requests.  (ECF No. 131.)

Plaintiff now seeks an order requiring six non-parties to respond to written questions he attempted to serve on them in person between May 12, 2015 and May 15, 2015. Apparently, they either refused to accept the questions or they accepted but refused to respond.

Defendant objects to the motion because discovery is closed, this Court has already rejected Plaintiff's request for the depositions to be taken at public expense, and Plaintiff cites no authority to support the relief he seeks.

In reply, Plaintiff indicates that at least one of the non-parties (Marc Fischer) has provided responses to his attorney but not yet forwarded them to Plaintiff.  Plaintiff also cites to *Dixon v. Lavin*, 2:03-cv-00262-DFL-JFM, (E.D. Cal. 2003), for the proposition that the court can facilitate the taking of written depositions on a non-party in a prisoner case.

 In order to take a deposition by written questions, the party must provide notice to all parties of the name and address of the deponent and the name of the officer before whom the deposition will be taken with service of the questions.  Fed. R. Civ. P. 31(a)(3).  The party must also deliver a copy of the questions and the notice to the officer taking the depositions.  Fed. R. Civ. P. 31(b).  A nonparty's appearance may be compelled by subpoena.  *See* Fed. R. Civ. P. 45.  Plaintiff failed to comply with these procedures within the time period granted by the Court.  Courts are not required to

assist *pro se* plaintiffs in complying with this rule.  See *Pitts v. Davis*, 2014 U.S. Dist. LEXIS 581, \*27-29 (E.D. Cal. January 2, 2014); *see also Lopez v. Horel*, 2007 U.S. Dist. LEXIS 56903, \*7-10 (N.D. Cal. July 27, 2007); *see also Dell'Antonia v. California*, 2005 U.S. Dist. LEXIS 24735, \*4-5 (E.D. Cal. July 8, 2005).  Accordingly, Plaintiff's motion is DENIED.

### III.    MOTION FOR RECONSIDERATION

Federal Rule of Civil Procedure 59(e) allows the Court to alter or amend a judgment.  A motion under this rule is essentially a motion for reconsideration.  *See Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009), and "'[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation . . .'" of that which was already considered by the court in rendering its decision.  *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (*quoting Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 856 (D. N.J. 1992)).

Plaintiff argues that this Court erred in granting Defendant's motion for summary judgment because he raised a genuine issue of material fact, and the cases the Court relied on in granting Defendant Gonzaga qualified immunity are distinguishable because they involved adulterated, non-legal mail.  The Court should have instead relied on *Bonner v. Outlaw*, 552 F.3d 673 (8th Cir. 2009).

Defendant Gonzaga contends that Plaintiff's argument regarding a genuine issue

3

of material fact misconstrues the concept of qualified immunity, the Court already considered and addressed *Bonner* in its ruling, and Plaintiff has not presented a meaningful distinction in the cases cited by the Court.

Plaintiff has not presented any newly discovered evidence or intervening change in the law. Plaintiff essentially re-hashes arguments raised in his opposition to Defendant's motion for summary judgment. Plaintiff's attempts to distinguish the authority relied on by the Court are without merit.

## IV.    CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for an order directing non-parties to respond is DENIED (ECF No. 132.);
2. Plaintiff's motion for reconsideration is DENIED; and
3. Plaintiff has not identified Doe Defendants A and B. Service cannot be initiated on the remaining unknown Defendants. Therefore, the Clerk of Court shall terminate all pending motions and CLOSE this case.

IT IS SO ORDERED.

Dated:   October 21, 2015            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE