UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL SANCHEZ ZAVALA,<br><br>    Plaintiff,<br><br>v.<br><br>GONZAGA,<br><br>    Defendant. | Case No. 1:09-cv-00679-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S EIGHTH AMENDED COMPLAINT BE DISMISSED FOR FAILURE TO STATE A CLAIM<br><br>(ECF NO. 157)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

## I. BACKGROUND

Raul Zavala ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action.

Plaintiff's Seventh Amended Complaint was screened (ECF No. 71), and the presiding judge ordered that "[t]his action proceed as one for damages on Plaintiff's Fifth Amendment due process claim against Defendants A, B, and Gonzaga." (Id. at 7). Plaintiff's other claims were dismissed with prejudice. (Id.).

Defendant Gonzaga was later granted summary judgment (ECF No. 135), and the Doe defendants were dismissed because Plaintiff failed to identify them (ECF No. 140, p. 4). Plaintiff appealed. (ECF No. 143).

On May 2, 2018, the United States Court of Appeals for the Ninth Circuit issued a

1

decision on Plaintiff's appeal. (ECF No. 148). The Ninth Circuit "affirm[ed] the grant of summary judgment on Zavala's procedural due process claim for money damages but vacate[d] the judgment insofar as Zavala was barred by prior dismissal orders from seeking prospective relief." (Id. at 4). "The remaining arguments in Zavala's pro se brief [were] without merit." (Id.). In so ruling, the Ninth Circuit noted that "[i]njunctive and declaratory relief would prevent future constitutional harm." (Id. at 3-4).

Given several issues, including that it was not clear whether Plaintiff's Seventh Amended Complaint appropriately requested injunctive relief and that Plaintiff was transferred to a different institution (which could render moot Plaintiff's request for injunctive relief), the Court granted Plaintiff leave to file an amended complaint (ECF No. 156). The Court noted on the record at the July 17, 2018 status conference that the amended complaint had to be consistent with the Ninth Circuit's order, as well as the prior orders in this case.

Plaintiff filed his Eighth Amended Complaint on October 22, 2018. (ECF No. 157).

## II. ANALYSIS

After review of Plaintiff's Eighth Amendment Complaint, the Court finds that Plaintiff has failed to state a claim under relevant legal standards and the Ninth Circuit order in this case.

To begin, Plaintiff was not authorized to file an amended complaint so that he could relitigate issues that have been decided. Despite this, and the Court's warning at the July 17, 2018 status conference that the amended complaint had to comply with the prior orders in this case, Plaintiff's Eighth Amended Complaint includes claims that have already been dismissed with prejudice. For example, Plaintiff is realleging First Amendment claims against defendants Silva and Capel (ECF No. 157, pgs. 21-22), even though these claims have already been dismissed with prejudice (ECF No. 71, p 7). Additionally, in Plaintiff's prayer for relief he seeks money damages (id. at 32), even though the dismissal of Plaintiff's claim for money damages was explicitly upheld by the Ninth Circuit (ECF No. 148, p. 4).

Additionally, the reason Plaintiff was given leave to file an amended complaint was so that he could include allegations that would show that he is entitled to prospective injunctive and/or declaratory relief (and to add new defendants, if necessary for Plaintiff's claims for

2

prospective relief). After all, the Ninth Circuit's order in this case only permitted Plaintiff to proceed on claims for injunctive or declaratory relief. This Plaintiff failed to do, and appears to be unable to do. Plaintiff is no longer confined at the institution where the alleged violations occurred (ECF No. 157, p. 1), and the most recent incidents alleged in the complaint occurred in 2009 (while Plaintiff was still confined at United States Penitentiary, Atwater). There are no allegations that Plaintiff currently has a reasonable expectation of being transferred back to United States Penitentiary, Atwater, or that there is a substantial likelihood that Plaintiff will again be subjected to similar constitutional violations. Therefore, based on the allegations in Plaintiff's Eighth Amended Complaint, Plaintiff's requests for injunctive and declaratory relief are moot.[1]

## III. CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, the Court will recommend that Plaintiff's Eighth Amended Complaint be dismissed for failure to state a claim.

The Court does not recommend granting leave to amend. Plaintiff has already filed numerous amended complaints. This case has already been appealed to the Ninth Circuit, and this order follows the direction given by the Ninth Circuit. Additionally, at the July 17, 2018 status conference the Court explained to Plaintiff why he was being given leave to amend. Despite this, Plaintiff failed to plead facts that would show that Plaintiff is entitled to prospective relief. Finally, as Plaintiff has been transferred, it appears that any request for prospective relief would be moot.

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's

---

[1] When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is transferred to another facility. Taylor v. Hubbard, No. 1:10-CV-00404-LJO, 2013 WL 1222027, at *2 (E.D. Cal. Mar. 25, 2013) (citing Knows His Gun v. Montana, 866 F. Supp. 2d 1235, 1242-43 (D. Mont. 2012)), report and recommendation adopted, No. 1:10-CV-00404-LJO, 2013 WL 2102688 (E.D. Cal. May 14, 2013); Rhodes v. Robinson, 408 F.3d 559, 566, n. 8 (9th Cir. 2005); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). See also Canatella v. State of California, 304 F.3d 843, 852 (9th Cir. 2002) ("In the particular context of injunctive and declaratory relief, a plaintiff must show that he has suffered or is threatened with a concrete and particularized legal harm, coupled with a sufficient likelihood that he will again be wronged in a similar way.") (internal quotations and citations omitted).

Eighth Amended Complaint be dismissed for failure to state a claim, and that this case be closed.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: **October 25, 2018**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE